Charles W. JAMIESON, Plaintiff-Appellant,

v.

Marion B. FOLSOM now Anthony J. Celebrezze, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 13798.

United States Court of Appeals Seventh Circuit.

Jan. 11, 1963.

Charles W. Jamieson, c/o W. A. Austin, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., John Powers Crowley, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff, Charles W. Jamieson, filed a complaint with the United States District Court seeking review of a decision made by the Appeals Council of the Social Security Administration.

In his answer, the defendant (herein sometimes called the "Secretary") stated that plaintiff was receiving benefits under § 202(a) of the Social Security Act, Title 42 U.S.C. § 402(a); that he was paid monthly benefits of $88.50 for the first six months of 1955; "that because plaintiff had such earnings in 1955 as to subject each of the monthly benefits otherwise payable to him for that year to 'deductions,' under the provisions of the Social Security Act, plaintiff's monthly benefits for the year 1956 were withheld until the amount of the overpayment of $531.00 had been recovered."

On April 16, 1956, the Bureau had addressed a form letter to Mr. Jamieson advising him that the Bureau had charged against his benefits from January 1956, to July 1956, (in the total amount of $619.50) "unreturned checks you received to which you were not entitled" from January 1955, to June 1955, (in the total amount of $531). The Bureau advised plaintiff that his annual report showing earnings of more than $2,080.01, and work for 12 months in that year, required withholding of benefits for all 12 months of that year. Only 6 months' benefits had in fact been withheld. Thus he was overpaid $531.

Section 404(b) of Title 42 U.S.C. provides that there shall be no recovery of such overpayment where the claimant is without fault, and where recovery would defeat the purpose of the statute or would be against equity and good conscience. In this case, the Referee who heard the matter in the office of the Appeals Council of the Bureau found that on all the evidence, plaintiff's total earnings for the first 6 months of 1955 amounted, at least, to $1,320 (or in excess of $1,200) and that he was not without fault in receiving the benefit checks for the first months of 1955. As plaintiff was

found not to be without fault, the Council held that recovery of the sum paid should not be waived.

On March 11, 1959, the District Court reversed the decision of the Secretary as to "waiver" under § 404(b), and remanded the cause to the Secretary for further hearing. The District Judge specifically held that the referee's decision that plaintiff was "not without fault" was not supported by substantial evidence and was therefore arbitrary and capricious under Title 5 U.S.C. § 1009(e).

This was a final appealable order. Under Title 42 U.S.C. § 405(g) the District Court could have affirmed the decision of the Secretary, modified, or reversed it, with or without remanding it for further hearing. Hobby v. Hodges, 10 Cir., 1954, 215 F.2d 754, 759. No appeal was taken from the District Court's order of March 11, 1959. The District Court lost jurisdiction of the matter after, in effect, issuing a mandate for a new trial. After the entry of this final order, plaintiff, nevertheless, filed a number of motions with the District Court, all of which were denied as moot on December 23, 1959, as the hearing ordered on March 11, 1959, had been held. The District Court also "dismissed" the case at that time.

It is not disputed that the decision after rehearing on remand was rendered on March 31, 1960. It was allegedly received by plaintiff on April 2, 1960. His time in which to seek review of that decision expired, at the latest, June 1, 1960, pursuant to § 405(g) which provides that review of the Secretary's decision may be obtained by civil action commenced within 60 days of the mailing of the notice of that decision.

On November 13, 1961, plaintiff filed his petition for review of the Secretary's decision of March 31, 1960, which reached the plaintiff on April 2, 1960. Motion to dismiss the petition of November 13, 1961, as (inter alia) untimely filed, was granted on April 19, 1962, and motion of plaintiff to set that order of dismissal aside was denied. This appeal followed.

The right here sought to be enforced is a statutory right which is limited by the provisions of the creating statute as to the time in which it may be asserted. As plaintiff did not file his action to review the Secretary's decision of March 31, 1960, within the 60 days provided by the statute, his right to such review ceased to exist. Bomer v. Ribicoff, 6 Cir., 1962, 304 F.2d 427, 429.

The judgment of the District Court must be affirmed.

Affirmed.