**Harry J. TATE, Jr., Appellant,**

v.

**UNITED STATES of America and United States Secretary of Health, Education and Welfare, Appellees.**

**No. 25081.**

United States Court of Appeals, Ninth Circuit.

Jan. 25, 1971.

---

hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action *commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.* * * * [Emphasis supplied].

The district court was clearly correct in dismissing the action. A petition to review a decision of the Secretary must be brought within the statutory time limit. Jamieson v. Folsom (7 Cir. 1963) 311 F.2d 506, appeal dismissed and certiorari denied, 374 U.S. 487, 83 S.Ct. 1868, 10 L.Ed.2d 1043 (1963); Bomer v. Ribicoff (6 Cir. 1962) 304 F.2d 427; See, Johnson v. Flemming (10 Cir. 1959) 264 F.2d 322.

Judgment affirmed.

John Nash, San Francisco, Cal., for appellant.

William D. Ruckelshaus, Asst. Atty. Gen., James L. Browning, Jr., U. S. Atty., Washington, D. C., for appellees.

Before ELY, CARTER and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Following an administrative proceeding on appellant's claim for disability insurance benefits, appellant was notified of denial of his claim on July 19, 1968. The notice advised that he might obtain review of the order, pursuant to § 205(g) of the Social Security Act as amended, 42 U.S.C. § 405(g), by filing a civil action against the Secretary in the district court, within 60 days from the date of notice.

Appellant commenced his action on September 19, 1968, two days late. The district court dismissed. We affirm.

The exclusive method for obtaining judicial review of a final decision of the Secretary is set forth in Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g). Under that Section:

(g) Any individual, after any final decision of the Secretary made after a