**Juan AYALA, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. No. 554-71.**

United States District Court,
D. Puerto Rico.

April 18, 1972.

Jorge J. de la Torre, Hato Rey, P. R., for plaintiff.

Julio Morales Sanchez, U. S. Atty., José A. Quiles and Wally de la Rosa, Asst. U. S. Attys., for defendant.

## ORDER

TOLEDO, District Judge.

On January 28, 1972, the defendant filed a Motion to Dismiss for Failure to Institute Action timely, alleging that this Court lacks jurisdiction because the action was not commenced within the time prescribed by Section 205(g) of the Social Security Act, 42 United States Code 405(g). Said Section specifies that an appeal must be brought within sixty (60) days after the date of the

mailing to the plaintiff of notice of the final decision of the Secretary of Health, Education and Welfare.

The record reveals that on June 15, 1971, well within the 60-day period, the defendant filed with the Clerk's office of this Court a letter stating his desire to appeal and containing his reasons for appealing. It was not until June 21, 1971, that the Clerk's office mailed plaintiff an application to proceed in forma pauperis and notifying plaintiff that this Court could assign an attorney to represent claimant if he so wished. This gave plaintiff only four (4) days in which to receive the Clerk's notice and to act accordingly. Plaintiff effectively filed his petition to proceed without prepayment of costs on June 28, 1971, or three (3) days after the expiration of the sixty-day period contemplated in the law. Defendant prays that we consider this as the date of initiation of plaintiff's appeal, instead of the date of the receipt of plaintiff's letter in the Clerk's office. It was on this date that plaintiff was assigned an attorney to represent him in this case.

We feel that this matter must be decided on the grounds set forth in our Order of August 31, 1971 in the case of Octavio Ramos v. Secretary of Health, Education and Welfare, docket number ·337–71. In that case we stated:

"A Clerk of the United States District Court has the power to appoint attorneys to represent indigent persons in civil cases, especially those seeking to redress a federal statutory right. 28 U.S.C. Section 1915(c) and (d): Manual for Clerks of the United States District Courts, Sections 404.1 and 1003.1. In criminal cases where a Clerk failed to file a notice of appeal within the statutory prescription time, it has been repeatedly held that the Government has either waived its defense or is estopped from raising such a defense. West v. United States, D. C.Cir. 1954 [94 U.S.App.D.C. 46] 222 F.2d 774; Williams v. United States, D.C.Cir. 1951, [88 U.S.App.D.C. 212,] 188 F.2d 41; Albertson v. Johnson, Sixth Cir. 1971, 440 F.2d 1201; Tillman v. United States, Fifth Cir. 1959, 268 F.2d 422; Belton v. United States, [104 U.S.App.D.C. 81,] D.C. Cir. 1958, 259 F.2d 811; Blunt v. U. S., D.C.Cir. 1957, [100 U.S.App.D.C. 266,] 244 F.2d 355; Kirksey v. United States, D.C.Cir. 1954, [94 U.S.App.D. C. 393,] 219 F.2d 499."

This Court went on to say:

"Unlike the cases relied upon by the Government (Taylor v. Flemming, 1960, [D.C.,] 186 F.Supp. 280, 284 and Saxon v. Celebrezze, W.D.South Carolina, 1965, [D.C.,] 241 F.Supp. 152), the act of the employee of the Government in this case was not unauthorized. Whereas, a Social Security employee may not be empowered to , enlarge the time for filing, A United States District Clerk is specifically authorized by statute and regulation to appoint attorneys in appropriate cases. Having made a clerical mistake, the Government cannot now take advantage of its own wrong. It has been well said that the Government should always be a gentleman. Stockstrom v. Commissioner [of Internal Revenue,] D.C.Cir., 1952, [88 U.S. App.D.C. 286,] 190 F.2d 283."

It is, therefore, ordered, that the motion to dismiss for want of jurisdiction of the Secretary of Health, Education and Welfare, is denied and defendant is granted a period of thirty (30) days in which to file his answer to the complaint.

It is so ordered.