Charlie R. **MACY**, Plaintiff,

v.

**UNITED STATES SECRETARY OF
HEALTH, EDUCATION AND
WELFARE, Defendant.**

No. C–247–WS–72.

United States District Court,
M. D. North Carolina,
Winston-Salem Division.

Dec. 19, 1972.

John G. Wolfe, III, Kernersville, N. C.,
for plaintiff.

William L. Osteen, U. S. Atty., J. Howard Coble, Asst. U. S. Atty., Greensboro,
N. C., for defendant.

## MEMORANDUM ORDER

WARD, District Judge.

This action is before the Court upon motion of the defendant to dismiss on the grounds that the complaint fails to state a claim upon which relief may be granted. Specifically, the defendant contends that the Court lacks jurisdiction over the subject matter of the action because of the time limitation specified in Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), in that the complaint was not filed within sixty (60) days after the mailing to the plaintiff of notice of the final decision of the Secretary of Health, Education and Welfare, and the time for commencing the action was not extended by the Appeals Council of the Social Security Administration.

Defendant has filed a brief in support of this motion and the plaintiff has responded. Oral argument was not requested by either party pursuant to Local Rule 21.

The parties are in agreement and the record is clear that the Appeals Council's letter of denial was dated June 7, 1972, and the complaint filed on August 23, 1972. Thereafter, on October 11, 1972, the defendant secured a consent order extending time "for filing answer or otherwise pleading to the complaint" until December 21, 1972. On October 27, 1972, the motion to dismiss was filed by the defendant.

The only method for obtaining judicial review of a final decision of the Secretary of Health, Education and Welfare is contained in Section 205(g) of the Social Security Act, 42 U.S.C. § 405 (g), which provides:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action *commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.* * * * (Emphasis added.)

 The plaintiff argues that since the statute gives the Secretary discretion to allow further time in which to file the action, the Court surely has such discretionary power as well. This argument overlooks the elementary principle of law that statutes in derogation of the common law are to be strictly construed. As indicated in Bomer v. Ribicoff, 304 F.2d 427 (6th Cir. 1962), jurisdiction of the District Court is limited by the statute to a review of the Secretary's decisions. While the Secretary has the discretion to allow further time in which to file the action, the statute does not confer upon the Court the right to compel him to do so.

For other cases holding that a petition to review a decision of the Secretary must be brought within the statutory time limitation to confer jurisdiction, see Jamieson v. Folsom, 311 F.2d 506 (7th Cir. 1963), cert. denied, 374 U.S. 487, 83 S.Ct. 1868, 10 L.Ed.2d 1043 (1963); Filice v. Celebrezze, 319 F.2d 443 (9th Cir. 1963); Tate v. United States of America, 437 F.2d 88 (9th Cir. 1971); Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954); Zeller v. Folsom, 150 F.Supp. 615 (D.C.N.D.N.Y.1956); Small v. Gardner, 390 F.2d 186 (1st Cir. 1968), cert. denied, 393 U.S. 984, 89 S.Ct. 456, 21 L.Ed.2d 444 (1968).

For the foregoing reasons, it is ordered that the defendant's motion to dismiss be, and the same hereby is, allowed; and that the complaint be, and the same hereby is, dismissed with prejudice.