Eugene WHIPP, Plaintiff-Appellee,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellant.

No. 74-1475.

United States Court of Appeals, Sixth Circuit.

Dec. 2, 1974.

William W. Milligan, U. S. Atty., Arthur D. Jackson, Jr., Dayton, Ohio, Leonard Schaitman, Richard A. Olderman, Donald Etra, Carla A. Hills, Morton Hollander, Dept. of Justice, Washington, D. C., for defendant-appellant.

Eugene F. Whipp, in pro'per.

Before PHILLIPS, Chief Judge, and PECK and McCREE, Circuit Judges.

PER CURIAM.

On September 8, 1972, the Appeals Council of the Social Security Administration, Department of Health, Education and Welfare, denied the appellee's application for disability benefits under the Social Security Act, 42 U.S.C. §§ 416(i) and 423. This became the final decision of the Secretary. On November 8, 1972, sixty-one days after notice of this decision was mailed to the appellee, the action was filed in the District Court to review the Secretary's decision.

The District Court found that the sixty day filing limit for appeals from the Secretary's decision, imposed by 42 U. S.C. § 405(g), ran from the time of actual receipt of the notice, rather than the time of mailing. Further, the District Court reversed the Secretary's findings and granted benefits to the appellee. We reverse and remand for dismissal without prejudice on the ground that the District Court did not have jurisdiction.

■ Final decisions of the Secretary are reviewable in the courts under a specific statutory grant found in 42 U.S. C. § 405(g). This section provides:

> "Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow."

The following paragraph, § 405(h), further cautions: "No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided." It is well established in this Circuit that the sixty day time limit is jurisdictional and that, as said by Judge Shackelford Miller, Jr.:

> "The right of action here sought to be enforced is one created by statute and is limited by the provisions thereof as to the time within which the right

must be asserted. Such conditions operate as a condition of liability rather than as a period of limitation and there can be no recovery unless the condition precedent is fulfilled." Bomer v. Ribicoff, 304 F.2d 427, 429 (6th Cir. 1962).

If the request for review has not been filed within sixty days "the right provided by the statute cease[s] to exist, and the present action [would be] properly dismissed." Id.; see Johnson v. Railway Express Agency, Inc., 489 F.2d 525, 528 (6th Cir. 1973); Jamieson v. Folsom, 311 F.2d 506, 508 (7th Cir.), cert. denied, 374 U.S. 487, 83 S.Ct. 1868, 10 L.Ed. 2d 1043 (1963). Other courts have dismissed applications for review of the Secretary's final decisions when the filing was one day late; Gaither v. Gardner, 295 F.Supp. 458 (D.Md.1969); Satterfield v. Celebrezze, 244 F.Supp. 190 (W.D.S.C.1965); Frost v. Ewing, 13 F.R.D. 432 (W.D.Pa.1953); or two days late, Tate v. United States, 437 F.2d 88 (9th Cir. 1971); but see Johnson v. Flemming, 264 F.2d 322 (10th Cir. 1959) (one day delay permitted if sixtieth day was a Sunday).

■ It is recognized that strict application of the time limit works a hardship on the unfortunate applicant who misses the deadline by one day. In other contexts a delay in filing might be tolerated. For example, Rule 6(e), Fed.R. Civ.P., adds three additional days to the length of a prescribed period if notice is served by mail. However, this provision has no application where, as in the present case, an extension of a time limit in effect would extend the jurisdiction of the court. Rule 82, Fed.R.Civ.P., makes it clear that the rules of procedure cannot be construed to reach such a result. Robinson v. Celebrezze, 237 F.Supp. 115 (E.D.Tenn.1964).

The Chairman of the Appeals Council stated in an affidavit that on September 8, 1972, the claimant was sent notice by certified mail of his right to commence a civil action within sixty days. The District Court emphasized the fact that

the claimant did not receive this notice until September 11, 1972, "which if taken as the proper date on which the sixty day period in the statute began to run, would make plaintiff's action timely filed."

Unfortunately the notice to appellee of the sixty day time limit is not free from ambiguity. Instead of using the statutory language "sixty days after the mailing . . . of notice", appellee was advised that review must be initiated "within sixty (60) days from this date." Appellee may well have construed the notice to mean that the sixty day period began to run on the day the notice was received by him.

■ Although recognizing that it was the obligation of the Appeals Council to give accurate notice, we hold that the plain meaning of the statute cannot be altered by an ambiguity in the language of the letter mailed by the Appeals Council to appellee.

The harshness which might be created by the strict application of this time limit is mitigated to some extent by a separate Social Security regulation. The Appeals Council, in the exercise of its discretion, may grant an extension to the filing period, upon the applicant's request, pursuant to the following provision:

> "Any party to a reconsidered determination, a decision of an Administrative Law Judge, or a decision of the Appeals Council . . ., may petition for an extension of time for filing a request for hearing or review or for commencing a civil action in a district court, although the time for filing such request or commencing such action . . . has passed." 20 C.F.R. § 404.954.

The dismissal in this case is made without prejudice to the right of appellee to file a request with the Appeals Council for an extension of the period in which to refile his application for review, which counsel for the Secretary conceded at oral argument the appeals council still has the authority to consider and grant.

The judgment of the District Court is reversed and the action is remanded for dismissal without prejudice. No costs are assessed. Each party will bear his own costs on this appeal.