Robert C. WILLIS

v.

Caspar WEINBERGER, Secretary, Health, Education & Welfare.

Civ. A. No. 73–405–R.

United States District Court, E. D. Virginia, Richmond Division.

Dec. 13, 1974.

Harkrader & Bowles, Louisa, Va., Franklin J. Jenkins, Goochland, Va., for plaintiff.

Dennis W. Dohnal, Asst. U. S. Atty., Richmond, Va., for defendant.

MEMORANDUM

MERHIGE, District Judge.

This is an action brought by Robert C. Willis pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), in which he seeks review of the final decision of the Secretary of Health, Education and Welfare, denying his claim for disability insurance benefits. The matter is before the Court upon the Secretary's motion to dismiss, alleging that the Court lacks subject matter jurisdiction because the action was not commenced within the sixty day period prescribed by statute. Plaintiff, by counsel, has responded to the Secretary's motion and the Court deems the matter ripe for disposition.

The record reveals that plaintiff initially filed an application for disability insurance benefits on July 25, 1972 and that his application was denied by the Bureau of Disability Insurance on August 29, 1972, and again, after reconsideration, on March 14, 1973. Thereafter plaintiff filed a request for a hearing before an administrative law judge which was conducted on April 23, 1973. Plaintiff's claim was once again disapproved by the administrative law judge's decision of April 30, 1973. This decision was affirmed by the Appeals Council and plaintiff was notified of this adverse determination by letter dated June 18, 1973. Plaintiff filed the instant suit in this Court on Monday, August 20, 1973, sixty-three days after the mailing of the notice of the Secretary's final decision. Proper service of the complaint pursuant to Rules 4(d)(4)

and (5) of the Federal Rules of Civil Procedure was made upon the United States Attorney for this district on August 21, 1973.

On October 23, 1973, the Secretary, by an assistant United States Attorney, moved the Court for an extension of ten days in which to respond and/or file other appropriate pleadings in this matter. In support of this motion it was represented that the plaintiff, by counsel, had no objection and that the additional time was requested "where the defendant was not properly served with process, pursuant to Rule 4(d)(5) of the Federal Rules of Civil Procedure, and it having been determined that the defendant would prefer to proceed with the litigation rather than moving to dismiss the complaint for lack of said service." The Court granted the Secretary's motion on October 24, 1973 "upon the specific representation that the plaintiff has no objection."

Thereafter, on October 26, 1973, the Secretary, by counsel, filed the motion to dismiss presently before the Court. In support of this motion, the Secretary tendered the affidavit of H. Dale Cook, Chairman of the Appeals Council and Director of the Bureau of Hearings and Appeals of the Social Security Administration, attesting to the fact that plaintiff's complaint was not filed within the required sixty day period following the Appeals Council's final decision. A memorandum of law in support of the motion to dismiss was also submitted at that time.

Plaintiff, by counsel, responded to the Secretary's motion on November 8, 1973, alleging that plaintiff's attorney had contacted the Clerk of this Court on August 17, 1973 and had informed the Clerk of the nature of the complaint. He further states that he inquired of the Clerk whether or not it would be correct under the Federal Rules of Civil Procedure to file the action on the following Monday, August 20, 1973, since the sixtieth day following the final decision of the Appeals Council fell on Saturday, August 18, 1973. Plaintiff's

attorney also avers that the Clerk informed him that such filing of this action would be proper under the Rules and that, relying upon the Clerk's statement, he filed this action on August 20, 1973. Plaintiff's counsel asserts that had he not relied on the Clerk's representation, he would have filed this action on August 17, 1973.

Counsel for plaintiff states that the assistant United States Attorney informed him on October 23, 1973 that there had been no valid service of process on the Secretary and that this would necessitate the plaintiff's refiling his action unless the plaintiff, by counsel, agreed to the Secretary's motion for a ten day extension in which to respond. Plaintiff's attorney alleges that he understood the assistant United States Attorney to state such responsive pleading would in all probability be a routine response alleging that the plaintiff showed insufficient evidence upon which the Court could grant relief, and that, upon this representation, plaintiff's counsel agreed to the ten day extension subsequently granted by the Court.

 Initially, the Court finds, contrary to plaintiff's assertion, that Friday, August 17, 1973 was the final day for the filing of plaintiff's complaint. Moreover, Section 205(h) of the Social Security Act clearly states that the exclusive method for obtaining judicial review of a final decision of the Secretary is that set forth in Section 205(g) of the Act. Under those provisions

(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. . . .

(h) The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing.

*No findings of fact or decisions of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. . . .* (Emphasis supplied).

The exclusive nature of the procedures set out in Section 205(g) have been recognized on numerous occasions. See, *e. g.,* Tate v. United States, 437 F.2d 88 (9th Cir. 1971); Small v. Gardner, 390 F.2d 186 (1st Cir.), cert. denied, 393 U.S. 984, 89 S.Ct. 456, 21 L.Ed.2d 444 (1968); Jamieson v. Folsom, 311 F.2d 506 (7th Cir.), cert. denied, 374 U.S. 487, 83 S.Ct. 1868, 10 L.Ed.2d 1043 (1963).

█ It is well established that the jurisdiction of this Court is limited by Section 205(g) and that while the Secretary of Health, Education and Welfare may allow further time beyond the sixty-day period in which to file an action for review, the Court is without authority to do so.[1] See Macy v. United States Secretary of Health, Education and Welfare, 353 F.Supp. 849 (M.D.N.C.1972). As the Sixth Circuit Court of Appeals noted in Bomer v. Ribicoff, 304 F.2d 427 (6th Cir. 1962) concerning the time limitation of Section 205(g):

> The right of action here sought to be enforced is one created by statute and is limited by the provisions thereof as to time within which the right must be asserted. Such conditions operate as a condition of liability rather than as a period of limitation and there can be no recovery unless the condition precedent is fulfilled . . . Not having filed the present action to review the adverse administrative ruling within the sixty days provided by the statute, the right provided by the statute ceased to exist, and the present action was properly dismissed. * * * 304 F.2d at 429 (citation omitted).

The Court itself has found only two instances in which an exception to this rule has been recognized. In Johnson v. Fleming, 264 F.2d 322 (10th Cir. 1959), the Tenth Circuit Court of Appeals held, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, that the filing of a complaint should be deemed timely if performed on the subsequent Monday when the applicable time limit terminates on Sunday.[2]

While *Johnson* has not been expressly overruled, its application has been carefully limited to the particular circumstances of that case. See Bowen v. Secretary of Health, Education and Welfare, 46 F.R.D. 41 (W.D.Mich.1968).

Similarly, in Ayala v. Secretary of Health, Education and Welfare, 342 F.Supp. 496 (D.P.R.1972), the Court denied the government's motion to dismiss for failure to institute a timely action. There, the plaintiff filed a letter within the limit of Section 205(g) with the Clerk of the Court stating his desire to appeal the Secretary's denial of benefits. The Clerk, however, mailed an application to proceed in forma pauperis at a time which left the plaintiff only four days to receive and act upon the application. Plaintiff effectively filed his petition three days after the expiration of the sixty-day period. The Court in *Ayala,* apparently acting upon equitable principles, held that since the Clerk had made a clerical error on a matter within the scope of his authority, that is, the appointment of counsel to represent indigent litigants, the government should not be permitted to take advantage of its own wrong.

█ Turning to the instant matter, the Court finds that neither exception is applicable. As to *Johnson,* the Court has found that the limitation of Section 205(g) expired on Friday, August 17, 1973 and not on the Saturday or Sunday preceding the actual filing of the complaint. Moreover, as to *Ayala,* while

---

1. It is undisputed that an extension of the sixty-day period for the filing of this action was neither requested of nor granted by the Secretary of Health, Education and Welfare.

2. *Johnson* has been cited with approval by the Fourth Circuit Court of Appeals in Wirtz v. Peninsula Shipbuilding Ass'n, 382 F.2d 237, 240, n. 3 (4th Cir. 1967).

plaintiff's counsel may have relied upon the Clerk's statement as to the propriety of filing the complaint on Monday, August 20, 1973, this was premised upon counsel's representation that the final day of the sixty-day period fell on Saturday, August 18th. Since the Court finds this representation was erroneous, the Clerk's response is of little relevance to the issue at hand.

█ Finally, the Court finds plaintiff's rights were in no way prejudiced by his counsel's consent to the Secretary's motion for an extension of time in which to respond to the complaint. While, pursuant to Rule 12(a), Fed.R. Civ.P., the Secretary must answer the complaint within sixty days, the Secretary's Motion to Dismiss, supported as it was by affidavit, must be treated by the Court as a motion for summary judgment. See Rule 12(c), Fed.R.Civ.P. Clearly, the Secretary was entitled to so move at any time, with or without plaintiff's consent. Rule 56(b), Fed.R. Civ.P.

For the foregoing reasons, the Court will enter an order granting the Secretary's motion for summary judgment and dismissing the complaint.