Florence WALKER, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.

Civ. A. No. 7-71734.

United States District Court,
E. D. Michigan, S. D.

April 21, 1978.

William S. Stern, Gittleman, Paskel, Tashman, Ross, Riddle & Stern, Southfield, Mich., for plaintiff.

Charles J. Kalil, Asst. U. S. Atty., Detroit, Mich., for defendant.

ORDER

JOINER, District Judge.

On December 6, 1977, the court issued an order directing plaintiff to show cause why this action should not be dismissed for lack of jurisdiction. The plaintiff filed a timely response to this order to show cause.

Plaintiff's response indicated that the letter from the Secretary informing the plaintiff of the final decision of the Appeals Council had informed the plaintiff that she had 60 days from the date she *received* the notice to file an action in federal court.

Section 405(g) of Title 42 of the United States Code provides in part that:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the *mailing* to him of notice of such decision *or within such further time as the Secretary may allow.*" (emphasis supplied)

The Secretary has promulgated a regulation found in 22 C.F.R. § 422.210 which provides in part that:

"Any civil action [of the type relevant herein] . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council *is received by the individual,* . . .

except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." (emphasis supplied)

This section of the regulation appears to the court to be an "across-the-board" grant of additional time to claimants in Social Security cases of this type. The Secretary has the authority under 42 U.S.C. § 405(g) to grant such extensions. When this extension is taken into account in the instant case, this complaint was timely filed.

▆ Even if this complaint had not been timely filed or if the above quoted regulation were not valid, this case should not be dismissed. In *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the Court wrote that:

"Section 405(g) specifies the following requirements for judicial review: (1) a final decision of the Secretary made after a hearing; (2) *commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow* ); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business. The second and third of these requirements specify, respectively *a statute of limitations* and appropriate venue. As such, *they are waivable by the parties,* and not having been timely raised below, see Fed.Rules Civ.Proc. 8(c), 12(h)(1), need not be considered here." 422 U.S. at 763–64, 95 S.Ct. at 2466. (emphasis supplied)

This language was reaffirmed by the court in *Mathews v. Eldridge*, 424 U.S. 319, at n.9, 96 S.Ct. 893, at n.9, 47 L.Ed.2d 18, at n.9 (1976).

In its order to show cause of December 6, 1977, this court was concerned that this suit was not instituted within 60 days of the date of *mailing* of the final decision of the Appeals Council to the plaintiff. This court was following the ruling in *Whipp v. Weinberger*, 505 F.2d 800 (6th Cir. 1974), that the "sixty day time limit is jurisdictional." 505 F.2d at 801. In *Whipp*, the Court of Appeals cited an earlier case of the Sixth Circuit, *Bomer v. Ribicoff*, 304 F.2d 427 (1962), for the proposition that:

"The right of action here sought to be enforced is one created by statute and is limited by the provisions thereof as to the time within which the right must be asserted. Such conditions operate as a condition of liability rather than as a period of limitation and there can be no recovery unless the condition precedent is fulfilled." *Bomer* cited at 505 F.2d at 801.

In light of the Supreme Court's view in *Salfi, supra,* and *Eldridge, supra,* that the 60 day requirement is a statute of limitations which can be waived, and in view of the fact that the Secretary, in his answer in the instant case has chosen not to raise the statute of limitations, the timeliness of the complaint is not an issue.

Accordingly, the order to show cause is set aside.

So ordered.