**Jerome BUZICK, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 449–87T.**

United States Claims Court.

Aug. 29, 1988.

Douglas M. Holmes, Durham, N.C., for plaintiff.

G. Robson Stewart, Washington, D.C., with whom was Asst. Atty. Gen. William S. Rose, Jr., for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This tax case came before the court on defendant's motion to dismiss for lack of subject matter jurisdiction, RUSCC 12(b)(1), for failure of plaintiff to file a timely action. Defendant argued that plaintiff filed its claim for readjustment of partnership items after the applicable limitations period had run. Plaintiff responded that its claim was timely filed based on the Internal Revenue Code and the rules of this court, and requested, in the alternative, that the time to file the complaint be enlarged due to excusable neglect. Defendant replied that rules of the court and the provisions of the Internal Revenue Code should not be mixed. For reasons stated below the court grants defendant's motion to dismiss for lack of subject matter jurisdiction.

## FACTS

Plaintiff is the limited partner in REKA Electronics, a two-member limited partner-

ship. In 1983, REKA, in its United States Partnership Return (Form 1065), claimed research and developing expenses of $15,-000 and bookkeeping expenses of $252. The Internal Revenue Service mailed to plaintiff on or about November 12, 1986, a notice of the beginning of an administrative proceeding at the partnership level with respect to claimed partnership items. The I.R.S. subsequently disallowed all expenses of the partnership for 1983, and, on February 20, 1987, mailed a Notice of Final Partnership Administrative Adjustment (FPAA) to the tax matters partner of REKA. On July 27, 1987, plaintiff filed this action seeking a return of paid taxes with interest.

Defendant, it its motion to dismiss, argued that the special partnership provisions in the Tax Equity and Fiscal Responsibility Act of 1982, 26 U.S.C. § 6226 (1982), established that a partner, other than a tax matters partner, has 150 days after the mailing of the FPAA to the tax matters partner to file a petition for a readjustment of partnership items. Defendant stated that 150 days from February 20, 1987, is July 20, 1987, seven days before plaintiff filed this action, and as such, plaintiff's action must be dismissed as untimely. Defendant argued further that the United States, pursuant to 26 U.S.C. § 6226, had limited its waiver of sovereign immunity for 150 days only and that after that period the United States, as sovereign, was no longer subject to suit. Lastly, defendant stated that the timeliness requirements in the IRS code were jurisdictional, not procedural, and thus the court had no authority to hear this case.

Plaintiff, without citing any case authority, responded that RUSCC 6 should be applied to extend the limitations period in dispute. Plaintiff stated that the petition was timely filed because: (1) RUSCC 6(a) requires that the day the time begins to run shall not be included in the number of days; (2) RUSCC 6(c) requires that three days be added to the prescribed period since notice was served by mail, so the first period ended on Sunday, May 24, 1987; (3) the end of the first period was Sunday, May 24, 1987, and, since Monday, May 25

was Memorial day, RUSCC 6(a) requires that the ninety-day period be extended to the end of Tuesday, May 26, 1987; (4) the sixty-day period began on May 27, 1987, and, since sixty days from May 27 is Saturday, July 25, RUSCC 6(a) allows the period to extend to Monday, July 27, 1987. In effect, plaintiff asserted a right to seven additional days due to mailing and the fall of dates on weekends and holidays as based on his interpretation of the rules.

Plaintiff alternatively argued that if this court found that the complaint was not timely filed, the time for filing should be enlarged due to excusable neglect. Plaintiff asserted that since it received misleading information from the IRS and since partnership tax is an unusual and new area of the law, its failure to file in time should be viewed as excusable. Plaintiff concluded that this court had jurisdiction and, therefore, defendant's motion to dismiss should be denied.

Defendant, in its reply to plaintiff's response argued that: (1) plaintiff improperly injected the Rules of the Claims Court into its analysis; that the period for filing ended on July 20, 1987, and procedural rules of the court cannot extend that period; (2) the period for filing should not be extended for policy reasons underlying limitation periods.

## DISCUSSION

At issue is whether plaintiff as notice partner timely filed his petition for a readjustment of partnership items. The relevant Internal Revenue Code states in pertinent part:

> If the tax matters partner does not file a readjustment petition under subsection (a) with respect to any final partnership administrative adjustment, any notice partner ... may, within 60 days after the close of the 90–day period set forth in subsection (a), file a petition for a readjustment of the partnership items....

26 U.S.C. § 6226(b)(1) (1982).

Defendant mailed its FPAA notice to the tax matters partner on February 20, 1987. Plaintiff filed its action on July 27, 1987,

157 days after the mailing date. Based solely on the face of 26 U.S.C. § 6226 it would appear that plaintiff failed to timely file its complaint. That, however, does not end the inquiry. Plaintiff argued that the provisions of RUSCC 6 allowed for extensions for mailing delays and for deadline dates falling on a weekend or holiday. Before the court addresses whether these extensions are warranted, the court must determine whether Rule 6 may be applied to statutes of limitations.

RUSCC 6(a), similar to Fed.R.Civ.P. 6(a), establishes the method of computing "any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute." Courts have held that time limits in sections such as 26 U.S.C. § 6226, at issue in this case, run anterior to the time that the court's procedural rules begin to apply. *See Joint Council Dining Car Employees Local 370 v. Delaware, L. & W.R.R.*, 157 F.2d 417, 420 (2nd Cir.1946). This court agrees. In this case, section 6226 of the Internal Revenue Code establishes time limits on filing potential actions relating to readjustment of partnership items. Statute of limitations apply to the filing of actions. The court, therefore, holds that RUSCC 6 is not directly applicable to extend the section 6226 limitations period.

RUSCC 6 may, however, be used by analogy where there is no contrary legislative intent, *see Union Nat'l Bank v. Lamb*, 337 U.S. 38, 40, 69 S.Ct. 911, 912, 93 L.Ed. 1190, *reh'g denied*, 337 U.S. 928, 69 S.Ct. 1492, 93 L.Ed. 1736 (1949); *Bledsoe v. Department of Hous. and Urban Dev.*, 398 F.Supp. 315, 320 (E.D.Pa.1975), but plaintiff cited no authority permitting the use of RUSCC to extend periods of limitation established by statute. It may be argued, as defendant does, that procedural rules of the United States Claims Court cannot be used to extend periods of limitation. *Graf v. United States*, 87 Ct.Cl. 495, 24 F.Supp. 54 (Ct.Cl.1938). Only under certain circumstances will an extension to a limitations period be justified. *See Schultz v. United States*, 132 F.Supp. 953, 956 (Ct.Cl.1955) (when a procedural rule has the concurrence of Congress and there is no contrary

policy expressed in the statute governing the jurisdictional grant, Rule 6 may be analogized to extend statutes of limitations). Congress has not delegated to this court the general authority to expand statutory deadlines in the Internal Revenue Code in the manner plaintiff requested, and after a review of the law the court does not analogize RUSCC 6 as applicable to extend the section 6226 limitation period. An analysis of the plaintiff's arguments supports this conclusion.

Plaintiff first argued that "Rule 6(a) [sic] states that the day in which time begins to run shall not be included in the number of days." Rule 6(a) does not state this proposition. RUSCC 6(d) declares that "the period of time shall commence to run on the day after the service of a paper...." Section 6226 of the Internal Revenue Code, however, provides that time will begin to run "90 days after the day on which a notice of a final partnership administrative adjustment is mailed...." The day that the limitations period began to run in this case was February 21, 1987, the day after defendant mailed notice of FPAA to the tax matters partner.

Plaintiff next argued that RUSCC 6(a) requires that three days be added to the prescribed period since notice was served by mail. RUSCC 6(c) states that "whenever a party ... is required to do some act ... within a prescribed period after the service of a paper ... and that service is made by mail, 3 days shall be added to the prescribed period." Rule 6(c) mailing extensions have been held not to expand the time permitted for obtaining review of administrative decisions because statutory time limitations are mandatory and hence jurisdictional. *Carr v. Veterans Admin.*, 522 F.2d 1355 (5th Cir.1975) (the limitations period for bringing a federal tort action against the United States ran from the time of mailing of the agency's final decision denying administrative relief, not from the date of service or receipt of notice); *Whipp v. Weinberger*, 505 F.2d 800 (6th Cir.1974) (the sixty-day time limit to appeal from the final decision of the Secretary of Health, Education and Welfare was not

extended three days due to mailing because the statute granting judicial review stated that the statute ran from the date of mailing, not service); *Brohman v. Mason*, 587 F.Supp. 62 (W.D.N.Y.1984) (petitioner's twenty-day time period in which to move to quash an IRS summons could not be extended three days by Rule 6 because the limitations period ran from the date of mailing, not service or actual notice).

Congress has determined that the statutory period for filing a readjustment of partnership items begins to run from the date of mailing, not the date of service. 26 U.S.C. § 6226 (1982). To add three days for mailing in this instance would be contrary to the time from which Congress intended the statute to run; the statute expressly counts the limitation period from the date of mailing, not service. The purpose of RUSCC 6(c) is to equalize the time for action available to parties served by mail with that time afforded those served in person where there is a choice under the rules. *See Carr*, 522 F.2d at 1360. This court finds no ground to analogize RUSCC 6(c) to extend the time period in section 6226 because the notice of FPAA was properly mailed to plaintiff and the statute of limitations expressly ran from the day after the date of mailing. 26 U.S.C. § 6226 (1982). The court cannot add three days to the statute of limitation, resulting in the extension of the court's jurisdiction. *Whipp*, 505 F.2d at 801.

Lastly, plaintiff argued that RUSCC 6(a) allowed each time period in section 6226 to be extended since the end of each period fell on a weekend or a holiday. Application of Rule 6(a) is, however, unnecessary in this case. Congress has expressly provided by statute that certain duties, due to be performed on a weekend or holiday, may be postponed until the following business day. *E.g.*, 2 U.S.C. § 394(a) (1982) (computing time in contested elections); 17 U.S.C. § 703 (1982) (extension of limitation periods in copyright cases); 50 U.S.C.App. § 32(b) (1982) (computing filing time in excess profit cases). 26 U.S.C. § 7503 (1982) extends the limitation periods within the Internal Revenue Code. It states:

When the last day prescribed under authority of the internal revenue laws for performance of any act falls on Saturday, Sunday, or a legal holiday, the performance of such act shall be considered timely if it is performed on the next succeeding day which is not a Saturday, Sunday, or a legal holiday.

26 U.S.C. § 6226(a) (1982) establishes that the first filing period for readjustments ends "90 days after the day on which the notice of final partnership administrative adjustment is mailed...." In this case the ninety-day period began to run on February 21, 1988 and ended on Thursday, May 21, 1988. Section 6226 also allows a notice partner additional filing time "within 60 days after the close of the 90 day period...." 26 U.S.C. § 6226(b) (1982). The subsequent sixty-day period began running on Friday, May 22, 1987 and ended on Monday, July 20, 1987. Without adding three additional days for mailing, neither period ended on a weekend or holiday. Thus, 26 U.S.C. § 7503, though statutorily available and applicable, is of no help to plaintiff.

It is unclear whether the time periods in section 6226 are to be viewed together as one 150–day period, or as a sixty-day then a ninety-day period. A bare reading of the statute supports the two-separate-periods interpretation. Section 6226 states that "within 60 days of the close of the 90–day period" a notice partner can file his petition for a readjustment of partnership items. The United States Tax Court has similarly treated the limitations period in section 6226 as two separate periods. *See Transpac Drilling Venture v. Commissioner*, 87 T.C. 874 (1986).

The Internal Revenue Service in this case, however, referred to the periods as one 150–day period in its notice of Final Partnership Administrative Adjustment letter to the tax matters partner on February 20, 1987. The body of the notice contains the following statement:

If the Tax Matters Partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner ... may petition one of these

courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the Tax Matters Partner.

Although the Notice is not a model of clarity, it is apparent that the Internal Revenue Service interpreted the statutory language regarding the ninety-day period and the sixty-day period as one 150–day period. However, the court finds it unnecessary to rule on this potential issue as it is not dispositive of defendant's motion. Section 6226 sets out 150 days, either as one period or two, for the filing of a readjustment petition by a partner other than a tax matters partner after the notice of FPAA. The statute makes no provision in regard to special rules for time computation other than as provided by section 7503. Therefore, plaintiff had ninety days from the time notice to tax matters partner was mailed, February 20, 1987 to May 21, 1987, a Thursday, plus sixty days to July 20 1987, a Monday, in which to file a readjustment petition. Plaintiff's petition was filed on July 27, 1987, and as such the court finds that plaintiff's filing was untimely.

Plaintiff also argued in the alternative that plaintiff be allowed an extension because of "excusable neglect." It was argued that due to the uncertainty surrounding the law of partnership adjustments and oral statements from the Internal Revenue Service, plaintiff's alleged negligent filing was excusable. Every case of which the court is aware addresses the applicability of excusable neglect in the context of compliance with court rules and the time period in which to appeal a final decision, not congressionally mandated statutes of limitation that dictate filing periods. This court will not, of its own force, incorporate a procedural rule to extend the time limitations in Section 6226 on the basis of excusable neglect. Plaintiff's alleged neglect goes to a statute set forth by Congress, not to a rule of this court. The court is even more loathe to interject excusable neglect equities into statutes of limitation than to extend such by reasoned rules of the court. *Cf. Danna v. United States,* No. 83–1083 (Fed.Cir. Aug. 17, 1983) (the Federal Circuit refused to extend time limitations of the

rules based on a claim of excusable neglect in believing that three days should be added to the appeal period because of mailing). Absent exigent or extraordinary circumstance, mistake of counsel is not a basis for a reasoned decision on excusable neglect. *Meza v. Washington State Dep't of Social and Health Servs.,* 683 F.2d 314, 315 (9th Cir.1982); *Pellegrino v. Marathon Bank,* 640 F.2d 696, 698 (5th Cir.1981) (Pro se Appellant); *Fase v. Seafarers Welfare and Pension Plan,* 574 F.2d 72, 76, 77 (2d Cir. 1978); *Airline Pilots v. Executive Airlines, Inc.,* 569 F.2d 1174, 1175 (1st Cir. 1978); *Gooch v. Skelly Oil Co.,* 493 F.2d 366, 370 (10th Cir.), *cert. denied,* 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270 (1974); *Grantham v. Morgan Linen Serv.,* 426 F.2d 237, 238 (7th Cir.1970); *Winchell v. Lortscher,* 377 F.2d 247, 253 (8th Cir.1967). The court was not persuaded by plaintiff's argument that IRS comments so confused the issue that plaintiff was unable to timely file its action. The plain language of the notice statute clearly rebuts any statements made by IRS personnel concerning the running of the appeal time to file a claim.

Moreover, a statute of limitation "is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen v. City of New York,* 476 U.S. 467, 479, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986). Periods of limitation are to end potential lawsuits; they are established to cut off rights, justifiable or not, that might otherwise be asserted by the plaintiff. *Kavanagh v. Noble,* 332 U.S. 535, 539, 68 S.Ct. 235, 237, 92 L.Ed. 150 (1947), *reh'g denied,* 333 U.S. 850, 68 S.Ct. 656, 92 L.Ed. 1132 (1948); *Charlson Realty Co. v. United States,* 181 Ct.Cl. 262, 298, 384 F.2d 434, 456 (1967). Such policies will not be lightly waived by this court.

The court holds that because the IRS time provisions are jurisdictional not merely procedural, this court lacks jurisdiction to hear the claim. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *see Ben–Shalom v. Secretary of Army,* 807 F.2d 982 (Fed.Cir. 1986). As such, the court finds that this

suit was untimely filed, and therefore the court has no jurisdiction over the subject matter of the action. Without jurisdiction plaintiff is deprived of the right to sue and this court is deprived of the authority to adjudicate the case. *Missouri Pac. R.R. v. United States*, 214 Ct.Cl. 623, 624, 558 F.2d 596, 597 (1977).

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss for lack of subject matter jurisdiction by reason of plaintiff's failure to file a timely suit is granted, the complaint is dismissed and the Clerk is directed to take appropriate action.