THOMAS P. AND JANET S. DOVIDIO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dovidio v. Commissioner
Docket No. 15437-90
United States Tax Court
T.C. Memo 1991-211; 1991 Tax Ct. Memo LEXIS 235; 61 T.C.M. (CCH) 2606; T.C.M. (RIA) 91211; May 15, 1991, Filed *235 An order of dismissal will be entered. Thomas P. Dovidio, pro se. Mary Schewatz, for the respondent. DAWSON, Judge. NAMEROFF, Special Trial Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b) of the Code [1] and Rule 180 et seq. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: In a notice of deficiency dated April 3, 1990, respondent determined deficiencies in petitioners' Federal income taxes for the years 1984 and 1985 in the amounts of $ 13,248 and $ 3,807, respectively. Respondent also determined additions to tax for the year 1984 under the provisions of section 6653(a)(1) in the amount of $ 662, section 6653(a)(2) in the amount of 50 percent of the interest *236 due on the underpayment, and section 6661(a)(1) in the amount of $ 3,312. Respondent also determined additions to tax for the year 1985 under the provisions of section 6653(a)(1) in the amount of $ 190, and section 6653(a)(2) in the amount of 50 percent of the interest due on the underpayment. Respondent moved to dismiss this case for lack of jurisdiction on the ground of an untimely petition. Respondent alleged that the notice of deficiency was mailed by certified mail to petitioners at their last known address on April 3, 1990. The petition was filed with the Court on Friday, July 6, 1990, which date is 94 days after the mailing of the notice of deficiency. The petition was mailed to the Court on July 3, 1990, 91 days after the mailing of the notice of deficiency. Petitioners objected on the grounds that respondent failed to prove that the notice of deficiency was mailed on April 3, 1990, and that Rule 6(e) of the Federal Rules of Civil Procedure (hereinafter Rule 6(e), read in conjunction with section 7503, authorizes this Court to obtain jurisdiction. Attached to respondent's motion was a copy of a certified mailing list (U.S. Postal Form 3877) showing a stamped date of *237 April 3, 1990, by the Los Angeles, California, Federal station of the United States postal service, as well as petitioners' proper name, address, and social security number. The form indicated that a statutory notice of deficiency for 1984 and 1985 had been sent to petitioners. Respondent's witnesses testified to the normal course of preparation and mailing by respondent's employees and the acceptance of the certified mail by postal employees. A Form 3877 reflecting Postal Service receipt represents direct documentary evidence of the date and the fact of mailing. Coleman v. Commissioner, 94 T.C. 82, 90 (1990). A properly completed Form 3877 also reflects compliance with IRS established procedures for its preparation and mailing, and in the absence of contrary evidence, establishes that the notice of deficiency was properly sent. Keado v. United States, 853 F.2d 1209, 1213 (5th Cir. 1988); United States v. Ahrens, 530 F.2d 781, 784 (8th Cir. 1976). On this record the Court is satisfied and so finds that respondent mailed the notice of deficiency to petitioners for the years 1984 and 1985 on April 3, 1990. Coleman v. Commissioner, supra. *238 Section 6213(a) provides that a petition must be filed with the Tax Court within 90 days from the date the notice of deficiency is mailed. Unless the petition is filed or mailed within such 90-day period, this Court does not acquire jurisdiction of the case. We do not have authority to extend this period, and an untimely petition must be dismissed for lack of jurisdiction, even though an inequity may result. August v. Commissioner, 54 T.C. 1535, 1536 (1970). This is true even though, as here, the petition was mailed to the Court by petitioners one day late, on the 91st day. However, petitioners argue that Rule 6(e), Federal Rules of Civil Procedure, when read in conjunction with section 7503, has the effect of extending the time for petitioners to file a petition until the 93rd day. Rule 6(e) provides as follows: Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.
The provision of section *239 7503 upon which petitioner relies states: For purposes of this section, the last day for the performance of any act shall be determined by including any authorized extension of time; * * *
Initially, section 7503 is not applicable to the instant situation. Rather, section 7503 pertains to those situations where the last day prescribed for the performance of an act falls on a Saturday, Sunday, or legal holiday in the District of Columbia. Here the 90th day after mailing of the notice of deficiency was Monday, July 2, 1990, which day was not a Saturday, Sunday, or legal holiday in the District of Columbia. There are several reasons why petitioners' reliance upon Rule 6(e) is misplaced. First, the jurisdiction of this Court is controlled by section 6213(a) and requires the filing of a petition within 90 days from the mailing of the notice of deficiency. The jurisdiction of this Court is established by Congress, and the Federal Rules of Civil Procedure do not modify that statutory mandate. Indeed, petitioners' argument has been rejected by many Federal courts where an attempt was made to expand jurisdiction. See Wyker v. Willingham, 55 F. Supp. 105 (N.D.Ala. 1944) *240 (in connection with commencing suit for refund of estate taxes); Youngson v. Lusk, 96 F. Supp. 285 (D.Neb. 1951)(in connection with the filing of a petition for removal of a civil action); Whipp v. Weinberger, 505 F.2d 800 (6th Cir. 1974)(in connection with an appeal from final decisions of the Secretary of Health, Education and Welfare); Carr v. Veterans Administration, 522 F.2d 1355 (5th Cir. 1975) (in connection with filing a tort claim against the United States). Finally, Rule 6(e) is also not applicable by its own terms. This Court acquires jurisdiction of a case from a petition filed within 90 days from the mailing of a notice of deficiency. Rule 6(e) adds additional time after service of a notice or other paper upon a party. A taxpayer is not a party until such time as a petition is filed in this case, and the mailing of the notice of deficiency is not the equivalent of the service of a notice or other paper as provided in Rule 6(e). Carr v. Veterans Administration, supra at 1357. We also note that Rule 82 of the Federal Rules of Civil Procedure provides: These rules shall *241 not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein. * * *
In Whipp v. Weinberger, supra at 801, it was stated: It is recognized that strict application of the time limit works a hardship on the unfortunate applicant who misses the deadline by one day. In other contexts a delay in filing might be tolerated. For example, Rule 6(e), Fed. R. Civ. P., adds three additional days to the length of a prescribed period if notice is served by mail. However, this provision has no application where, as in the present case, an extension of a time limit in effect would extend the jurisdiction of the court. Rule 82, Fed. R. Civ. P., makes it clear that the rules of procedure cannot be construed to reach such a result.
Obviously, if Rule 6(e) is not available to extend jurisdiction of the district court to which it pertains, it could not be construed to extend jurisdictional requirements of this Court. Accordingly, we hold that the petition was untimely filed and this case must be dismissed for lack of jurisdiction. An order of dismissal will be entered. Footnotes
1. All section references are to the Internal Revenue Code, as amended. All Rule references are to the Tax Court Rules of Practice and Procedure.↩