941 F.2d 1210
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Christopher C. SLONE, Plaintiff-Appellant,
v.
UNITED STATES of America, Department of the Interior;
Manuel Lujan, Secretary, United States of America,
Department of the Interior; Office of Surface Mining
Reclamation and Enforcement; Harry M. Snyder, Director,
Office of Surface Mining Reclamation and Enforcement,
Defendants-Appellees.
 No. 90-6606.
 United States Court of Appeals, Sixth Circuit.
 Aug. 19, 1991.
 
 Before KENNEDY and MILBURN, Circuit Judges, and ZATKOFF, District Court Judge.*
 PER CURIAM:
 
 
 1
 Christopher Slone ("plaintiff") appeals from the District Court's judgment dismissing his appeal from a decision of the Interior Board of Land Appeals (the "Board"). The Board affirmed the decision of an Administrative Law Judge ("ALJ") which upheld the validity of a cessation order issued to plaintiff for mining without a valid surface distribution permit. Plaintiff argues before this Court that the District Court erred by determining that his appeal was not timely filed in district court pursuant to 30 U.S.C. § 1276(a)(2). We find no error in the ruling of the District Court and AFFIRM.
 
 
 2
 On August 6, 1986, plaintiff received a cessation order for mining without a valid permit. Plaintiff filed a request for relief with the United States Department of Interior, Office of Hearings and Appeals. After hearing the case, an ALJ sustained the cessation order. Plaintiff then appealed to the Board, which affirmed the ALJ's decision in a decision dated May 23, 1990. Plaintiff filed an appeal in District Court on June 26, 1990. The District Court dismissed this appeal for lack of jurisdiction because plaintiff's appeal was filed after the 30-day statutory limit. The 30 days expired on Friday, June 22nd.
 
 
 3
 The relevant portion of 30 U.S.C. § 1276(a)(2) provides:
 
 
 4
 Any order or decision issued by the Secretary in a civil penalty proceeding or any other proceeding required to be conducted pursuant to section 554 of Title 5 shall be subject to judicial review on or before 30 days from the date of such order or decision ... in the United States District Court for the district in which the surface coal mining operation is located.
 
 
 5
 Plaintiff appealed from the Board's decision after the 30-day time period had passed, but contends that his appeal was timely filed pursuant to Fed.R.Civ.P. 6(a) and (e). Rule 6(e) states: "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period."
 
 
 6
 Plaintiff's argument is without merit. In Whipp v. Weinberger, 505 F.2d 800, 801-02 (6th Cir.1974), this Court stated:
 
 
 7
 [R]ule 6(e) ... adds three additional days to the length of a prescribed period if notice is served by mail. However, this provision has no application where, as in the present case, an extension of a time limit in effect would extend the jurisdiction of the court. Rule 82 ... makes it clear that the rules of procedure cannot be construed to reach such a result.
 
 
 8
 Cf. Coal Corporation Operating Co. v. Hodel, 876 F.2d 860 (10th Cir.1989) (affirming district court's determination that 60-day limitation of 30 U.S.C. § 1276(a) is jurisdictional). Section 1276 provided plaintiff with a thirty-day period to appeal the decision of the Board. This time limit is jurisdictional. Thus, Rule 6(e) cannot be construed to extend this time period.
 
 
 9
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation