953 F.2d 1384
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles H. GREEN, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE; Defendant-Appellee,
Social Security Administration, Defendant.
 No. 91-5758.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1992.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Charles H. Green, a pro se Kentucky citizen, appeals a district court judgment dismissing his action against the Internal Revenue Service and Social Security Administration. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Green brought suit against the Internal Revenue Service and the Social Security Administration seeking refunds of alleged overpayments to both agencies. He alleged that he had overpaid $2,025.38 to the I.R.S. on May 1, 1981. He claims that this money should be refunded and paid to the Social Security Administration. He also alleged that the Social Security Administration underpaid him $6,336.80 in retirement benefits.
 
 
 3
 Following a review, the district court entered an order dismissing the action against the I.R.S. for lack of subject matter jurisdiction. The district court found that Green had failed to file a claim for a refund with the I.R.S., which was a prerequisite to filing suit against the agency. Green then filed a notice of appeal from this order. Subsequently, the district court dismissed Green's claim against the Social Security Administration finding that it was untimely. No notice of appeal was filed following this order. The matter is fully briefed.
 
 
 4
 Initially, the court notes it has jurisdiction over this appeal as the district court disposed of all Green's claims during the pendency of this appeal. See Gillis v. United States Dep't of Health and Human Services, 759 F.2d 565, 568-69 (6th Cir.1985).
 
 
 5
 Upon review, we conclude that the district court properly dismissed Green's action for the reasons stated by the district court in its orders filed June 4, 1991 and June 26, 1991.
 
 
 6
 Green cannot maintain his suit against the I.R.S. because he has failed to satisfy the jurisdictional prerequisite to maintaining an action against the agency. Unless a taxpayer files a claim for a refund of a tax with the I.R.S. within the time limits imposed by 26 U.S.C. § 6511, he may not maintain an action against the I.R.S. in any court. See United States v. Dalm, 494 U.S. 596, ----, 110 S.Ct. 1361, 1365 (1990). A claim for a refund must be filed within three years from the time the taxpayer filed a return with the I.R.S. or two years from the time the tax was paid, whichever is later. 26 U.S.C. § 6511(a). The record shows that Green has never filed a claim for a refund with the I.R.S.
 
 
 7
 Similarly, the district court properly dismissed Green's action against the Social Security Administration for lack of subject matter jurisdiction. District courts have jurisdiction to address claims against the Social Security Administration under 42 U.S.C. § 405(g). This section provides that an individual may appeal a final decision of the Secretary [of Health and Human Services] within sixty days after the mailing of notice of such decision to him. See Whipp v. Weinberger, 505 F.2d 800, 801 (6th Cir.1974) (per curiam). This sixty-day time limit is jurisdictional. Id. On January 15, 1988, the Appeals Council notified Green that the Secretary had issued a final decision in his case. However, Green did not file his complaint in the district court until March 15, 1991, more than three years after the Secretary's final decision in his case.
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.