Linda D. ROUSE, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary of
Health, Education and Welfare,
Defendant.

Civ. A. No. 79–0810.

United States District Court,
D. New Jersey.

Jan. 14, 1980.

A. David Dashoff, Voorhees, N. J., for
plaintiff.

Robert J. Del Tufo, U. S. Atty. by Eliza-
beth T. Barlow, Asst. U. S. Atty., Newark,
N. J., for defendant.

## OPINION

BROTMAN, District Judge.

This is an action seeking judicial review
of the Secretary's denial of plaintiff's appli-
cation for child's insurance benefits under
Title II of the Social Security Act [herein-
after, the "Act"], 42 U.S.C. § 401, *et seq.*
The case is now before this court on the
Secretary's motion to dismiss the complaint
for lack of subject matter jurisdiction, Fed.
R.Civ.P. 12(b)(1), and for failure to state a

claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6). However, in light of the court's ruling on the defendant's first argument, the lack of subject matter jurisdiction, it is not necessary to consider the defendant's second argument.

The court will begin its evaluation of the defendant's motion with a review of the history of the underlying dispute. On July 30, 1976, the plaintiff filed an application for child's insurance benefits under the Act with the Social Security Administration of the Department of Health, Education and Welfare. The plaintiff based her application upon her claim that she was the daughter of a Mr. Johnnie L. Grubbs, who had died on February 8, 1976. The plaintiff's application for these benefits was denied initially, upon reconsideration, and after submission to an Administrative Law Judge of the Social Security Administration's Bureau of Hearings and Appeals. The Administrative Law Judge based his denial of the plaintiff's application upon his conclusion that the evidence failed to establish that Rouse was the daughter of Grubbs under Section 216(h)(2), the pertinent provision of the Act.

Plaintiff then requested review of the denial by the Appeals Council. The Appeals Council affirmed the decision of the Administrative Law Judge, thereby making it the final decision of the Secretary.

On May 2, 1978, the Appeals Council sent a letter by certified mail to the plaintiff reporting its affirmance of the decision of the Administrative Law Judge and advising her that she might seek judicial review of the decision by bringing an action in the district court within sixty days of the receipt of this notice of its decision.[1] The letter also stated that it would be presumed that the letter was received within five days of the date when it was written, unless a reasonable showing to the contrary was made. Although the plaintiff claims that she did not receive this letter, the defendant has produced a receipt for this certified letter, which was signed by one Alberta Williams. Ms. Williams was identified by the plaintiff in her benefits application as her mother, with whom she was living at the time of Grubbs' death. The plaintiff's attorney subsequently sent a letter to the Social Security Administration on November 22, 1978 indicating that neither he nor his client had been informed of the disposition of her appeal to the Appeals Council and asking to be advised of the current status of the matter. By letter dated December 19, 1978, the Appeals Council advised the plaintiff's attorney that, by notice dated May 2, 1978, the Appeals Council denied the plaintiff's benefits claim and enclosed a photocopy of the May 2, 1978 letter. The plaintiff claims that her attorney did not receive this second letter until January 6, 1979, more than two weeks after it was written by the Appeals Council. Fifty-nine days later on March 5, 1979, the plaintiff instituted this district court action.

In determining whether this court has jurisdiction over the subject matter of this action, the court must be guided by the principle that

federal courts are courts of limited jurisdiction; and the United States District Court has only that jurisdiction which is expressly conferred by Act of Congress, and within the constitutional grant of power of Article 3 of the Federal Constitution. Therefore, when the jurisdiction of the court is challenged it is always necessary to be able to point to some federal statute which confers the jurisdiction in the particular case.

*McCrae v. Johnson*, 84 F.Supp. 220, 221–22 (D.Md.1949). If jurisdiction is to be found in this case, it must arise under sections 405(g)[2] and 405(h)[3] of the Act, which con-

---

1. Contrary to the statement in the letter from the Appeals Council, the statute governing appeals of such Social Security claims provides for review of a final decision of the Secretary by bringing a civil action within sixty days of the date of the *mailing* of the decision. 42 U.S.C. § 405(g), *quoted in* note 2, *infra*.

2. 42 U.S.C. § 405(g) provides in pertinent part: "(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of

stitute the exclusive source of district court jurisdiction to hear these Social Security appeals. These provisions require a party to commence an action to appeal the final decision of the Secretary within sixty days of the mailing of the decision, or within such further time as the Secretary may allow. *Satterfield v. Celebrezze,* 244 F.Supp. 190, 192 (W.D.S.C.1965); *Estep v. Weinberger,* 405 F.Supp. 1097, 1098 (S.D.W. Va.1976).

The plaintiff might argue that the defendant waived the requirement that she file her action within sixty days of the *mailing* of the notice of the final decision of the Secretary since the Appeals Council letter, as well as the applicable Social Security Administration regulation, 20 C.F.R. § 422.-210(c), stated that an action to appeal the decision must be filed within sixty days of the *receipt* of the notice of that decision. *Walker v. Secretary of Health, Education and Welfare,* 449 F.Supp. 63, 64 (E.D.Mich. 1978). In other words, the plaintiff may contend that the Appeals Council letter and the applicable regulation served to exercise the Secretary's power to permit a party to commence an action challenging the Secretary's final decision more than sixty days from the mailing of the decision. Therefore, the sixty day requirement would not serve to defeat this court's jurisdiction to hear the plaintiff's case. The court will now examine this argument.

■ Although the statute clearly authorizes the Secretary to permit a party to file an action challenging the Secretary's final decision more than sixty days from the date of mailing, the court does not believe that the Appeals Council letter and the applicable regulation constitute an unconditional waiver of the requirement that the plaintiff file her action within sixty days of the date of mailing. Rather, it is the con-

clusion of this court that the letter and regulation served to provide only a conditional extension of time for filing an action challenging the final decision of the Secretary. If the plaintiff fails to satisfy the conditions imposed upon the extension of time for filing her complaint, then this court will not have subject matter jurisdiction to hear the plaintiff's complaint.

In stating that the plaintiff may challenge the final decision of the Secretary by filing an action in federal court within sixty days of the *receipt* of the notice, both the Appeals Council letter and the Social Security regulation added that there is a presumption that the date of receipt is within five days of the date of notice, in the absence of a showing to the contrary. This means that the Secretary has conditioned any extension of the period for filing the actions more than sixty-five days after the mailing of the notice to the applicant upon the applicant's making a sufficient showing that she did not receive the Secretary's notice by that 65th day. If the plaintiff fails to make a sufficient showing to rebut the presumption, then the presumption will cut off the period for filing an action to challenge the Secretary's decision sixty-five days from the date of mailing of the notice of the Secretary's decision.

■ Having reviewed the procedural history of this case, it is the opinion of this court that the plaintiff has failed to make the necessary showing to rebut the presumption that she received the notice of the Secretary's denial of her application within five days of its date of mailing. All that the plaintiff offers to rebut the presumption of receipt is the mere assertion that she never received the first notice of the Secretary's decision, despite the defendant's production of a receipt containing what appears to be her mother's signature, and the

notice of such decision or within such further time as the Secretary may allow."

**3.** 42 U.S.C. § 405(h) provides:
"(h) The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secre-

tary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."

statement of her attorney that he did not receive the second notice for more than two weeks after it was written by the Appeals Council. Although the court presumes that these statements, like all statements made or offered by an officer of the court, are made in good faith, they cannot provide a substitute for a more concrete showing that the plaintiff or her attorney actually did not receive the Secretary's notice within five days of the date of mailing. Otherwise this court would be creating an exception to the Act by which a tardy claimant could avoid the jurisdictional requirements by merely asserting a late delivery of the notice of the Secretary's decision. Moreover, plaintiff was represented by experienced counsel and the conduct of plaintiff's counsel undercuts her claim that she did not receive notice of the Secretary's denial of her application until more than five days after the date of mailing. Plaintiff's counsel should have been on notice from the language in the Appeals Council letter and the applicable regulation that the Secretary was applying a presumption that notice was received within five days of the date of mailing. If some difficulty were anticipated in filing the complaint within sixty days of the presumed date of receipt, an extension of time should have been requested from the Secretary. But no such request was made. The action was filed too late, thereby depriving this court of jurisdiction to hear the challenge to the Secretary's decision. Thus, this court must hold that the plaintiff's complaint is dismissed for lack of subject matter jurisdiction of the action.

Plaintiff contends, however, that this court has subject matter jurisdiction to hear this case because it presents an issue of constitutional law,[4] and she argues that the availability of judicial review is assumed when constitutional questions are at issue.

Plaintiff's jurisdictional argument is plainly without merit. A similar argument was raised in *Weinberger v. Salfi*, 422 U.S. 749, 760–61, 95 S.Ct. 2457, 2464–65, 45 L.Ed.2d 522 (1975), in which the Supreme Court stated:

> The argument is that the present action arises under the Constitution and not under Title II. It would, of course, be fruitless to contend that appellees' claim is one which does not arise under the Constitution, since their constitutional arguments are critical to their complaint. But it is just as fruitless to argue that this action does not also arise under the Social Security Act. For not only is it Social Security benefits which appellees seek to recover, but it is the Social Security Act which provides both the standing and the substantive basis for the preservation of their constitutional contentions. . . . To contend that such an action does not arise under the Act whose benefits are sought is to ignore both the language and the substance of the complaint and judgment. This being so, the third sentence of § 405(h) precludes resort to federal-question jurisdiction for the adjudication of appellees' constitutional contentions.

It is clear that the plaintiff's constitutional claim will not confer jurisdiction upon this court where the plaintiff's action is barred for failing to meet the filing deadline established by the Act.

Accordingly, the court will grant defendant's motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction. The court will enter an appropriate order.

---

**4.** Plaintiff's constitutional argument involves the assertion that the statutory test which illegitimate children must meet to qualify for child's insurance benefits places a burden on illegitimate children that legitimate children do not bear, which constitutes invidious discrimination in violation of the Equal Protection Clause of the fourteenth amendment to the Constitution.