

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2002

# Garcia v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1959

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

## Recommended Citation

"Garcia v. Comm Social Security" (2002). *2002 Decisions.* Paper 701.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/701

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-1959

_____

FAUSTO GARCIA,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 01-cv-02888)
District Judge:  The Honorable Faith S. Hochberg

_____

Submitted Under Third Circuit LAR 34.1(a)
October 29, 2002

_____

Before: NYGAARD, GARTH, and MICHEL,[?] Circuit Judges

(Filed: November 6, 2002)

_____

OPINION

_____

_____

[?] The Honorable Paul R. Michel, United States Circuit Judge for the Federal Circuit,
sitting by designation.

MICHEL, Circuit Judge:

Fausto Garcia applied for a period of disability, disability insurance benefits, and Supplemental Security Income payments, but his application was denied by a Social Security Administrative Law Judge ("ALJ") on June 2, 1998. Garcia then requested review of the ALJ's decision. In a decision dated September 14, 2000, the Social Security Appeals Council denied Garcia's request for review and rendered the ALJ's decision the "final decision" of the Commissioner of Social Security.

The Commissioner alleges that the Appeals Council's decision was mailed to Garcia and a copy to Garcia's attorney on September 14, 2000, along with the notice of Garcia's right to commence a civil action within sixty days from the date of receipt of the notice. Garcia and his attorney assert that they did not receive the notice until June 1, 2001. Garcia also asserts that his attorney wrote to the Appeals Council on December 27, 2000 and May 2, 2001 inquiring about the status of the case.[1] The Appeals Council responded to the May 2, 2001 inquiry by forwarding a copy of the Appeals Council's September 14, 2000 decision, which was received by Garcia on June 1, 2001. Garcia further asserts that he filed a request for an extension of time to file a complaint in the district court on June 15, 2002. The Commissioner, however, alleges that the Appeals Council never received such a request.

---

[1] These letters were dated after the decision by the Appeals Council on September 14, 2000. Garcia asserts that his attorney also wrote status inquiry letters to the Appeals Council on November 4, 1999, March 29, 2000, and July 26, 2000,

Garcia commenced a civil action in the district court on June 18, 2001. The Commissioner filed a motion to dismiss Garcia's complaint. The district court granted the Commissioner's motion on the ground that Garcia did not file his complaint in the district court within sixty days after receiving notice of the Appeals Council's decision, which is required by § 405(g) of the Social Security Act. *Garcia v. Comm'r of Soc. Sec.*, No. 01-2888 (D. N.J. Feb. 21, 2002).

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We will affirm.

## I.

Judicial review of final decisions of the Social Security Appeals Council is limited. Whether or not Garcia timely filed his complaint in the district court is a question of subject matter jurisdiction. We review a district court's decision on subject matter jurisdiction *de novo. In Re Phar-Mor, Inc.*, 172 F.3d 270, 273 (3rd Cir. 1999).

Section 405(g) of the Social Security Act provides that, after a final decision of the Commissioner after a hearing, an individual "may obtain a review of such decision by a civil action commenced within sixty days after mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The Commissioner, pursuant to her power to allow "further time" for the commencement of civil actions, promulgated 20 C.F.R. § 422.210(c):

> Any civil action described . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is

3

*received by the individual*, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. (emphasis added)

The Commissioner further defines that "the date of receipt of notice . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

The district court determined that Garcia did not make a sufficient showing to rebut the presumption that notice was received within five days after the date of such notice of the Appeals Council. Although Garcia and his attorney filed affidavits asserting that they did not receive the notice until June 1, 2001 and provided status inquiry letters dated after the Appeals Council's final decision of September 14, 2000, the district court found the affidavits and inquiry letters inadequate to rebut the presumption of timely receipt of the notice. In reaching its conclusion, the district court relied on *Rouse v. Harris*, 482 F. Supp. 766, 768 (D. N.J. 1980) (stating that mere assertions were insufficient to rebut the presumption of timely receipt) and *Pence v. Shalala*, No. 94-CV-6154, 1996 WL 805070, *3 (D. N.J. Feb. 15, 1996) (finding that status inquiry letters sent after the presumed date of receipt were not adequate to rebut the presumption).

Garcia argues that *Rouse* and *Pence* are inapposite. In *Rouse*, the Commissioner produced a signed certified mail receipt indicating that the Appeals Council's decision was timely received. *Pence*, on the other hand, is an unreported case that involves a late filing of a request for hearing before an ALJ from a reconsideration determination. Garcia further argues that we should follow the reasoning of *Matsibekker v. Heckler*, 738 F.2d 79

4

(2nd Cir. 1984), which held that the presumption of receipt within five days of the Appeals Council's notice was rebutted.

We agree with the district court that Garcia has not rebutted the presumption of timely receipt. Other than Garcia and his attorney's own affidavits of no actual notice until June 1, 2001 and the status inquiry letters drafted by Garcia's attorney, Garcia has offered no other evidence. In contrast, the applicant in *Matsibekker* showed that the notice of decision was not even mailed until seven days after the Appeals Council's decision. *Matsibekker*, 738 F.2d at 81.

The cases cited in *Matsibekker* do not help Garcia either. In *Gibbs v. Harris*, 501 F. Supp. 124 (D. Md. 1980), the court found that the applicant showed that he did not receive the Appeals Council's decision within five days of the notice because the Appeals Council's file indicated that the notice mailed to the applicant was never received and the returned mail was resent a month later. *Id*. at 125. Nevertheless, the court ruled against the applicant because the applicant did not commence the civil action until more than a year after he received actual telephone notice of the Appeals Council's decision.

In *Chiappa v. Califano*, 480 F. Supp. 856 (S.D. N.Y. 1979), the court found that the applicant rebutted the presumption of timely receipt of notice because of the applicant's affidavit explaining the sale of his house and a temporary stay at a different location, a notation on the notice itself of the forwarding address information, and an affidavit from a railroad clerk who forwarded the notice.

5

In the present case, regardless of whether or not *Rouse*[2] and *Pence* should be followed, Garcia has not provided sufficient evidence to rebut the presumption that he received the Appeals Council's notice within five days after the date of the notice. According to the affidavit of the Chief of Court Case Preparation and Review Branch 2, Office of Hearings and Appeals, Social Security Administration, who has custody of Garcia's file, notice was sent to Garcia and his attorney on September 14, 2000. There is no evidence of returned, delayed, or forwarded mail. Since Garcia bears the burden to rebut the presumption of timely receipt, on the facts here we agree with the district court that this burden is not met.

## II.

For the foregoing reasons, we will affirm the decision of the district court.

By the Court,

<u>/s/ Paul R. Michel</u>
Circuit Judge

---

[2] *Rouse* was also quoted in another circuit decision, *McCall v. Bowen,* 832 F.2d 862, 864 (5th Cir. 1987).