**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JULIE ASHE,

*Plaintiff-Appellant,*

v.

ANDREW M. SAUL, Commissioner of Social Security,

*Defendant-Appellee.*

No. 20-15531

D.C. No.
3:19-cv-07180-LB

OPINION

Appeal from the United States District Court
for the Northern District of California
Laurel Beeler, Magistrate Judge, Presiding

Argued and Submitted November 20, 2020
San Francisco, California

Filed December 28, 2020

Before: Jacqueline H. Nguyen, Andrew D. Hurwitz, and
Daniel A. Bress, Circuit Judges.

Opinion by Judge Nguyen

# SUMMARY[*]

## Social Security

The panel vacated the district court's judgment dismissing as time-barred an action challenging the Social Security Administration Appeals Council's decision affirming the denial of disability benefits.

Plaintiff alleged that she never received notice of the Appeals Council's decision affirming the denial of disability benefits. Plaintiff learned of the decision eighteen months after it was issued when her counsel called the Appeals Council. The next day, she filed this lawsuit in the district court. The district court found that the declarations from plaintiff and her attorney were insufficient to rebut the presumption, set forth under 20 C.F.R. § 422.210(c), that plaintiff received notice five days after the Appeals Council's denial, triggering a 60-day deadline to file a challenge in federal court.

The panel held that plaintiff made a sufficient "reasonable showing" to rebut the presumption that notice was received within five days of its issuance. The panel held that the combination of circumstances in this case—including unrebutted declarations from both plaintiff and her attorney, an officer of the court, that neither received the notice, where the face of the notice indicates that both were supposed to have been mailed copies—was sufficient to rebut the presumption and shift the burden of proving actual receipt to the government. Because the district court did not

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

perform this burden-shifting analysis, the panel vacated the judgment of the district court and remanded for proceedings consistent with its opinion.

## COUNSEL

Andrew K. Shaffer (argued), Law Office of Borah & Shaffer, Cupertino, California, for Plaintiff-Appellant.

Daniel P. Talbert (argued), Special Assistant United States Attorney; Deborah Lee Stachel, Regional Chief Counsel, Region IX; David L. Anderson, United States Attorney; Office of the General Counsel, Social Security Administration, San Francisco, California; for Defendant-Appellee.

**OPINION**

NGUYEN, Circuit Judge:

Julie Ashe claims that she never received notice of the Social Security Administration Appeals Council's decision affirming the denial of disability benefits. Ashe learned of the decision eighteen months after it was issued when her counsel called the Appeals Council. The next day, she filed this lawsuit in the district court, which dismissed it with prejudice as time-barred. The district court found that declarations from Ashe and her attorney were insufficient to rebut the presumption that Ashe received notice five days after the denial, triggering a 60-day deadline to file a challenge in federal court. We vacate and remand.

## I.

In November 2017, an administrative law judge denied Ashe's request for Social Security Insurance ("SSI") benefits, and on December 18, 2017, Ashe filed timely written exceptions, which function as an appeal. The Appeals Council denied the appeal on April 25, 2018. Ashe and her attorney claim to have never received notice of the denial.

Eighteen months later, on October 29, 2019, Ashe's counsel called the Appeals Council and learned for the first time that Ashe's appeal had been denied. Ashe sought review of the denial in district court the next day. The government filed a motion to dismiss and submitted a declaration from an official in the Social Security Administration's Office of Appellate Operations, who concluded from a review of Ashe's electronic case file that the Appeals Council issued its decision on April 25, 2018, and that "[n]otice of the Appeals Council's action . . . was

sent to the plaintiff and representative," *i.e.*, her attorney. The notice in the record contains a date and addresses for both Ashe and her counsel, indicating that the notice was intended to be sent to both of them, but the notice has no indicia of mailing.

Ashe submitted declarations from herself, her counsel, and the counsel's legal secretary, all attesting to diligent daily mail practices and failure to receive the notice. The legal secretary stated that she is the only employee of the counsel's law office and is solely responsible for receiving, sorting, and date-stamping mail. Ashe's counsel stated that he was present in his office and personally reviewed all his incoming mail every business day between April 25, 2018 and June 28, 2018. Both attested they never received any mail concerning Ashe's case during this period. Ashe also attested in her declaration that she had not received the notice and that she had remained at the same residence during the relevant period.

The district court nevertheless found that under 20 C.F.R. § 422.210(c), Ashe was presumed to have received the notice five days after it was issued, and that under 42 U.S.C. § 405(g), the deadline to file suit in district court was therefore June 29, 2018. The district court further found that Ashe's declarations did not justify equitable tolling of Ashe's deadline and dismissed the case with prejudice. Ashe timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim, *City of Oakland v. Wells Fargo & Co.*, 972 F.3d 1112, 1121 (9th Cir. 2020), and its determinations with

respect to the statute of limitations, *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003 (9th Cir. 2006).

## III.

"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision[.]"  42 U.S.C. § 405(g).  "The date of receipt of . . . notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."  20 C.F.R. § 422.210(c).  Ashe bears the burden to rebut the presumption, and if she succeeds, the burden shifts to the government to show proof of receipt more than sixty days before the complaint was filed in district court.  *See, e.g.*, *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987).  This is because although the claimant has shown the 60-day period should not start from its presumed start date under the regulation, the court must still "ascertain when the period began to run."  *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984).

We have not provided clear guidance on what constitutes "a reasonable showing" to rebut the presumption that notice was timely received.  District courts within the Ninth Circuit have resolved this question in different ways in cases involving varying fact patterns, including Appeals Council notices that were merely received late as opposed to not at all.  Some district courts have held that declarations submitted in support of the claimant, standing alone, are insufficient to rebut the presumption of timely receipt.  *See, e.g.*, *Thompson v. Colvin*, No. 3:16-CV-05442-KLS, 2016 WL 6126028, at *3 (W.D. Wash. Oct. 19, 2016) (finding an affidavit making "nothing more than the bare assertion" of

late receipt insufficient); *Downey v. Colvin*, No. 3:12-CV-02285-HA, 2013 WL 3526761, at \*2 (D. Or. July 8, 2013) (holding that "plaintiff has failed to provide affirmative evidence that he did not receive the notice" by merely "reiterat[ing] that the notice was not received"). Other district courts have reached the opposite conclusion, including when confronted with affidavits from both claimants and their counsel. *See, e.g.*, *Jacobson v. Berryhill*, No. C17-5252-JPD, 2017 WL 3454574, at \*4 (W.D. Wash. Aug. 11, 2017) (observing a lack of "any binding precedent which strictly defines 'a reasonable showing' in this context," and declining "to call into question the honesty of attorneys who have submitted sworn statements under penalty of perjury"); *McKinney v. Berryhill*, No. C17-5584-JCC, 2017 WL 6760676, at \*2 (W.D. Wash. Dec. 29, 2017) (finding claimant had rebutted the presumption where he and his attorney submitted sworn declarations stating that notice was never received and that they only became aware of the denial after the attorney called the Appeals Council months after the denial).

The regulation requires only "a reasonable showing" that the notice was not received five days after issuance, 20 C.F.R. § 422.210(c), a determination that is highly fact-specific. Here, Ashe, her counsel, and her counsel's legal secretary all submitted detailed declarations. Ashe states that she opens every piece of mail she receives and, given her lengthy pursuit of benefits, was aware of the importance of the Appeals Council decision. Ashe's counsel has only one employee, his legal secretary, and both the counsel and the legal secretary aver that they received and reviewed all incoming mail daily in the month following the decision. Notably, the Appeals Council's notice of decision was addressed to both Ashe and her attorney; both have averred that they never received it. Upon learning of the adverse

decision, Ashe's attorney filed the instant suit the very next day.

The accuracy of the declarations has not been challenged. At oral argument, the government insisted that bare declarations are insufficient but could not provide an example of anything else that Ashe could have offered to prove non-receipt—and indeed, under the circumstances of this case, it is difficult to imagine what other proof Ashe and her attorney could have presented. On this record, we hold that Ashe has made a sufficient "reasonable showing" to rebut the presumption that notice was received within five days of its issuance.

The government also suggested that Ashe should have requested an extension of time under 20 C.F.R. § 422.210(c) rather than file a complaint upon learning of the denial, but the regulation does not include any such requirement. Moreover, the regulation requires that the *agency* send notice, not that claimants constantly follow up or risk missing notice and thus the opportunity to seek review. 20 C.F.R. § 404.979. Assuming without deciding that a claimant must show some level of diligence to rebut the five-day regulatory presumption, there is no basis to conclude at the motion to dismiss stage that counsel here failed to act diligently when he contacted the Appeals Council eighteen months after the decision to inquire about its status. As the government conceded, it is not unusual for an Appeals Council decision to take over a year. Indeed, at oral argument, Ashe's attorney stated without contradiction that the Appeals Council took nineteen months to issue a notice of decision on exceptions that Ashe had previously filed in the same case.

The government cites *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987), and several unpublished out-of-circuit

cases holding declarations insufficient to rebut the presumption of receipt. However, as we have noted, whether a claimant has made a "reasonable showing" of non-receipt is a highly fact-dependent inquiry, and none of the cases relied on by the government is factually similar. *McCall* held that a claimant failed to rebut the presumption where the claimant and his attorney submitted affidavits stating that notice was received several months after the issue date. *Id.* at 864–65. The Fifth Circuit reasoned that if it did not require "'a more concrete showing that the plaintiff or her attorney actually did not receive the Secretary's notice within five days[,] . . . a tardy claimant could avoid the jurisdictional requirements by merely asserting a late delivery of the notice.'" *Id.* at 864 (quoting *Rouse v. Harris*, 482 F. Supp. 766, 769 (D.N.J. 1980)). Significantly, however, the court also noted that even if the affidavits were sufficient, the government sent the notice by certified mail that had not been returned, which was "sufficient evidence to support the finding that McCall received the notice promptly after it was mailed." *Id.* at 864–65. *McCall*, a late-receipt case, did not address the two questions central to this case: what could constitute "a more concrete showing" where a claimant allegedly never received notice at all, *id.* at 864, or what evidence of non-receipt might suffice where the government does not use certified mail. Similarly, subsequent unpublished court of appeals decisions involving late receipt, relied on by the government, are not sufficiently analogous to the situation here.[1]

---

[1] *See, e.g.*, *Wurst v. Comm'r of Soc. Sec.*, 767 F. App'x 842, 844–45 (11th Cir. 2019) (per curiam) (finding that a claimant's bare declaration alleging late receipt was not sufficient to rebut the presumption of notice and, in any event, the complaint was still untimely filed); *McLaughlin v. Astrue*, 443 F. App'x 571, 574 (1st Cir. 2011) (per curiam) (finding

We recognize that there is a significant interest under the statute in preventing the "belated litigation of stale eligibility claims." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). We have no occasion to decide whether there are circumstances in which a claimant's own declaration, without more, would be sufficient to rebut the presumption or whether different principles would apply in cases involving late receipt, as opposed to non-receipt. Rather, the combination of circumstances in this case—including unrebutted declarations from both Ashe and her attorney, an officer of the court, that neither received the notice, where the face of the notice indicates that both were supposed to have been mailed copies—is sufficient to rebut the presumption and shift the burden of proving actual receipt to the government.

Because the district court did not perform this burden-shifting analysis, we vacate the judgment of the district court and remand for proceedings consistent with this opinion.[2]

**VACATED AND REMANDED.**

---

affidavits alleging late receipt are insufficient, standing alone, to rebut the presumption); *Garcia v. Comm'r of Soc. Sec.*, 53 F. App'x 192, 194 (3d Cir. 2002) (holding that claimant and attorney affidavits alleging late receipt, along with inquiry letters, were not enough to rebut the presumption).

[2] In light of our ruling, we need not address the district court's decision on equitable tolling.