Wilma ROWLAND, Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 78–2735
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 24, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Jacob A. Rose, Florida Rural Legal Services, Inc., Belle Glade, Fla., for plaintiff-appellant.

Jack V. Eskenazi, U.S. Atty., Don R. Boswell, Asst. U.S. Atty., Miami, Fla., for defendant-appellee.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

Appellant filed a request for judicial review of a final decision of the Secretary of Health, Education and Welfare.[1] On the federal magistrate's recommendation, the District Judge dismissed the complaint, finding that appellant's having filed outside the sixty day statutory time period deprived the Court of jurisdiction. It appearing that the District Court failed to consider contrary authority in *Weinberger v. Salfi*, 1975, 422 U.S. 749, 764, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522, 538, and *Mathews v. Eldridge*, 1976, 424 U.S. 319, 328 n. 9, 96 S.Ct. 893,[2] 899, 47 L.Ed.2d 18, 29 n. 9, we reverse the judgment of dismissal and remand the cause for a consideration of the merits.

REVERSED and REMANDED.

---

1. 42 U.S.C.A. § 405(g).

2. In both opinions the Court recognized that the sixty day period was a statute of limitations, waivable by the parties. Thus, since the parties did not raise the issue of compliance at the District Court level, it did not need to be considered in determining whether the District Court had jurisdiction.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.