Carlyle W. HATCHELL,
Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services,
Defendant-Appellee.

No. 81–5577
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 27, 1983.

11. Jaffe, *Standing Again,* 84 Harv.L.Rev. 633, 637 (1971).

Garlyle W. Hatchell, pro se.

William C. Davis, Jr., Jacksonville, Fla., for plaintiff-appellant.

John E. Lawlor, III, Asst. U.S. Atty., Jacksonville, Fla., for defendant-appellee.

Before GODBOLD, Chief Judge, FAY and HILL, Circuit Judges.

PER CURIAM:

In this Social Security Act case, 42 U.S.C. Sec. 405(g), the government moved in the district court to dismiss plaintiff's petition for review because it was not timely filed. The government has not quite confessed error but almost. It has not filed a brief but a written statement setting out that it did not know the full facts at the time it filed a motion to dismiss; it cites to this court cases supporting plaintiff's argument that his petition was timely filed. The government's candor is appropriate and helpful.

We agree with plaintiff and reverse.

Plaintiff was notified via letter dated February 17, 1978 that his social security benefits were denied and that he had 60 days in which to seek review in district court. The 60 days run from the notice of decision, Sec. 405(g), or the date of receipt of notice of denial, 20 C.F.R. Sec. 422.210(c). The date of receipt is presumed to be five days after mailing unless there is a reasonable showing to the contrary. *Id.* Thus the 60 day time period for Hatchell to file his petition did not expire until approximately April 23.

The record from the district court is not precisely clear on what documents plaintiff mailed to the district court and on exactly what dates. The record does show that before April 19 plaintiff had sent to the district court a sworn document styled "a civil lawsuit bill of complaint," naming himself as plaintiff and the Secretary of HEW as defendant, referring to the denial of benefits letter of February 16 and asserting plaintiff's claim that he was entitled to disability benefits; a separate affidavit setting out the nature of his disabilities and again stating that he was submitting his claim for social security benefits; and an affidavit of insolvency and a motion to proceed IFP. None of these papers was stamped as filed when received by the court. On April 19 a law clerk wrote plaintiff that he was required to furnish an affidavit from the disbursing officer at his prison concerning his current financial status. Plaintiff sent this statement in a letter postmarked April 26.

On May 5 the court granted the motion for leave to proceed IFP, directed the clerk to file the complaint, and all of the foregoing documents were marked filed as of that date. HEW moved to dismiss the petition because not filed within 60 days, and the district court granted the motion.

The documents sent by Hatchell and received by the district court prior to April 19 sufficiently complied with the filing requirement. *Ayala v. Secretary of HEW,* 342 F.Supp. 496, 497 (D.C.Puerto Rico 1972) (petition filed in the district court was timely where IFP application was sent to petitioner four days prior to expiration of 60 day limit and filed three days after such expiration); *Moffitt v. U.S.,* 430 F.Supp. 34, 36 (E.D.Tenn.1976) (complaint under federal tort claims act timely where it was filed within the time limit though not stamped as filed until after its expiration, even though it did not meet technical requirements). By analogy, a notice of appeal is timely where received within the specified time period though not marked as filed until after the time period and upon payment of the filing fee. *Parissi v. Telechron,* 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955). *See also Wrenn v. American*

*Cast Iron Pipe Co.,* 575 F.2d 544, 547 (5th Cir.1978).[1]

We also must address the jurisdiction of this court on appeal. Plaintiff did not file a formal notice of appeal with the clerk of the district court. He did file a motion to proceed IFP on appeal and has filed his brief in this court. The application for IFP on appeal may be treated as the equivalent of a notice of appeal. *Cobb v. Lewis,* 488 F.2d 41, 44 (5th Cir.1974); *Causey v. Civiletti,* 621 F.2d 691, 692 n. 1 (5th Cir.1980).

REVERSED.

---

1. The 60 day time period is not jurisdictional and may be waived by the parties when not raised. *Rowland v. Califano,* 588 F.2d 449, 550 n. 2 (5th Cir.1979). The plain implication of the government's motion is that had it known of the events that occurred before the May 5 formal "filing" date it would not have filed the motion to dismiss.