Cecil R. SHOWS, Plaintiff-Appellant,

v.

The DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.

No. 83–7540

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Aug. 31, 1984.

Cecil R. Shows, pro se.

Joseph S. Friedman, Baltimore, Md., for defendant-appellee.

Before RONEY, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Cecil R. Shows' complaint for judicial review of the administrative denial of disability insurance benefits under the Social Security Act was dismissed *sua sponte* prior to service on The Department of Health and Human Services. The court held it lacked jurisdiction since judicial review was not sought within 60 days of the Appeals Council decision. We reverse and remand, because the 60-day time limit specified in 42 U.S.C.A. § 405(g) is not jurisdictional and is waivable so that the Government must be served.

42 U.S.C.A. § 405(g) provides for judicial review of the Secretary's final decision if the action is commenced within 60 days from receipt of the Appeals Council's letter. An additional five-day period is provided for mail service. 20 C.F.R. § 422.-210. The Appeals Council letter is dated April 8, 1983. The 65-day period ended on Sunday, June 12, 1983. Pursuant to Fed.R. Civ.P. 6(a), the period was extended to Monday, June 13, 1983. Shows filed his complaint in the district court on July 15, 1983 over a month after the period for commencing review had expired.

In *Rowland v. Califano*, 588 F.2d 449, 450 & n. 2 (5th Cir.1979), this Court held that a complaint was erroneously dismissed on the ground that filing "outside the sixty day statutory time period deprived the Court of jurisdiction" where the issue of compliance was not raised in the district court. The court relied on the Supreme Court's decisions in *Mathews v. Eldridge*, 424 U.S. 319, 328 n. 9, 96 S.Ct. 893, 899 n. 9, 47 L.Ed.2d 18 (1976); *Weinberger v.*

*Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), which held the 60-day time period in § 405(g) to be a statute of limitations and waivable by the parties. *See Hatchell v. Heckler*, 708 F.2d 578, 580 n. 1 (11th Cir.1983).

■ The district court erred in dismissing *sua sponte* the action prior to service. *See Combee v. Shell Oil Co.*, 615 F.2d 698, 700–01 (5th Cir.1980); Fed.R.Civ.P. 8(c).

REVERSED and REMANDED.