[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15638

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 30, 2010
JOHN LEY
CLERK

D. C. Docket No. A097-949-578

TANIA MARIA MESSIAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 30, 2010)

Before CARNES and ANDERSON, Circuit Judges, and O'CONNOR,[*] Associate
Justice Retired.

PER CURIAM:

_____

[*]     Honorable Sandra Day O'Connor, Associate Justice (Retired) of the United States
Supreme Court, sitting by designation.

After oral argument and careful consideration of the briefs and relevant parts of the record, we conclude that we do have jurisdiction of this petition for review, and that petitioner's petition for review of the order of the Board of Immigration Appeals is without merit and due to be denied.

The deadline for filing the petition for review was September 17, 2008. Contrary to the Government's argument, ample evidence supports the petitioner's position that she mailed the petition to the district court in Fort Lauderdale, Florida, on September 15, 2008, and that it was received by the district court on September 16, 2008. The case law clearly establishes that receipt by the court within the specified time period is sufficient, even if the document is not marked as filed until after the time period. See Houston v. Lack, 487 U.S. 266, 273, 108 S. Ct. 2379, 2383 (1988) (explaining the general rule that a notice of appeal is considered timely filed if received by the clerk within the appeals period); Bragg v. Bill Heard Chevrolet, Inc., 374 F.3d 1060, 1064 n.4 (11th Cir. 2004); Hatchell v. Heckler, 708 F.2d 578, 579 (11th Cir. 1983). Having established that the petition for review is deemed to have been timely filed with the district court, the transfer of the petition for review to this Court pursuant to 28 U.S.C. §1631 means that this action "shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which

2

it is transferred." 28 U.S.C. §1631. Accordingly, we have jurisdiction of this petition for review.

Turning to the merits, we conclude that we need not address several of petitioner's arguments on appeal because one ground upon which the Board of Immigration Appeals relied is dispositive. The Board of Immigration Appeals concluded that the mistreatment of petitioner was not "on account of" a protected ground; rather, "her mistreatment arose solely because of a private family issue."[1] In other words, petitioner failed to prove the requisite nexus to a protected ground. See Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1351 (11th Cir. 2009).[2] Moreover, any future harm to petitioner would be because of private vengeance and not on account of a protected ground.

For the foregoing reasons, Messias's petition for review is DENIED.

---

[1] We recognize that past persecution can be "on account of" a protected ground if it was at least in part motivated by petitioner's membership in a particular social group. Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1232 (11th Cir. 2007). However, the Board of Immigration Appeals found that the persecution arose solely because of a private family issue. We cannot conclude that the record compels a contrary finding. See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

[2] Because there is no nexus to a protected ground, we need not address whether or not victims of child abuse could ever constitute a "particular social group," whether that issue should have been governed in this case by the law of the case doctrine, and whether the alleged past persecution here was attributable to the Brazilian government.