[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2012
JOHN LEY
CLERK

No. 11-13336
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-01591-RAL-MAP


JAMES C. GIONFRIDDO, JR.,

                                                        Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 10, 2012)

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

On April 8, 2011, James C. Gionfriddo Jr. received notice from the Social

Security Administration that it would not review the administrative law judge's decision to deny him social security benefits. He filed a pro se complaint in federal district court on July 5, 2011,[1] and asked to proceed in forma pauperis. See 28 U.S.C. § 1915. The district court dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim because it found that the complaint had been filed twenty-two days too late. Gionfriddo appeals, proceeding pro se.

We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Hughes v. Lott, 350 F.3d 1157, 1159–60 (11th Cir. 2003). An applicant for social security benefits has sixty days from receiving notice of a final decision denying his application to seek review of that decision by filing a complaint in federal district court. See 42 U.S.C. § 405(g). That sixty-day time limit is not jurisdictional but is instead an affirmative defense that can be waived. See Shows v. Dep't of Health & Human Servs., 740 F.2d 891, 891–92 (11th Cir. 1984).

The district court should not have dismissed Gionfriddo's complaint for failure to state a claim based on its conclusion that the complaint was untimely filed without hearing from the Commissioner, who may waive this affirmative

---

[1] The complaint was dated July 5, 2011, but may not have been filed until July 15, 2011. The district court gave Gionfriddo the benefit of the doubt because the difference between the dates did not affect its analysis. We do the same for the same reason.

defense.  See <u>Latimer v. Roaring Toyz, Inc.</u>, 601 F.3d 1224, 1239 (11th Cir. 2010); <u>see also</u> Fed. R. Civ. P. 8(c).  "Courts generally lack the ability to raise affirmative defenses themselves."  <u>Latimer</u>, 601 F.3d at 1239.

**VACATED AND REMANDED.**