[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15243
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00218-MP-CAS


VICTORIA L. WILLIAMS,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 23, 2016)

Before TJOFLAT, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Claimant Victoria Williams appeals the district court's grant of summary judgment in favor of the Commissioner of the Social Security Administration ("the Commissioner").  Williams argues that the district court erred by finding that her appeal from the Administrative Law Judge's ("ALJ") denial of her application for disability insurance benefits was untimely.  After careful review, we affirm.

## DISCUSSION

In September 2011, Williams filed an application for disability insurance benefits based on hypertension, diabetes, mellitus, and peripheral vascular disease. The ALJ denied Williams's application, concluding that she was not disabled because she was capable of performing her past relevant work.  The Appeals Council thereafter denied Williams's request for review in a notice dated September 15, 2014.

Williams did not file a complaint in the district court requesting review of the Appeals Council's decision until November 21, 2014.  The Commissioner moved to dismiss Williams's complaint as untimely because it was filed more than sixty days after she received the notice from the Appeals Council.

Construing the Commissioner's motion to dismiss as one for summary judgment, a magistrate judge issued a Report and Recommendation ("R&R"), recommending that summary judgment be granted in favor of the Commissioner because the complaint was untimely filed.  Because the regulations presume that

the claimant receives the notice within five days of the date of the notice, it was presumed that Williams received the Appeals Council's notice by or on September 20, 2014.  Given that Williams did not provide any evidence to rebut this presumption, her complaint filed more than 60 days later—on November 21, 2014—was untimely.  After considering Williams's objections to the R&R, the district court adopted the R&R and dismissed Williams's complaint.  This appeal followed.

We review a district court's grant or denial of summary judgment *de novo*. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006); *Jackson v. Astrue*, 506 F.3d 1349, 1352 (11th Cir. 2007) (reviewing *de novo* the district court's dismissal of a claimant's complaint as untimely).

Under the Social Security Act, a claimant is entitled to disability insurance benefits if she is "disabled" due to a physical or mental impairment.  *See* 42 U.S.C. § 423(d)(1).  A claimant such as Williams may dispute the Commissioner's adverse determination of her entitlement to benefits first through review by an administrative law judge.  20 C.F.R. § 404.900(a)(3).  If the decision remains adverse to the claimant, she may seek further review from the Appeals Council.  20 C.F.R. § 404.900(a)(4).  After the claimant has exhausted the administrative process, she may seek judicial review by filing a complaint in the appropriate federal district court.  *See id.* § 404.900(a)(5); 42 U.S.C. § 405(g).

3

A claimant may only proceed in the district court if her civil action is "commenced within sixty days after the mailing to [her] of notice" of "any final decision of the Commissioner of Social Security made after a hearing to which [she] was a party" or "within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g); *see also Bowen v. City of New York*, 476 U.S. 467, 478–79 (1986) (concluding that the 60-day time period is not jurisdictional but is instead a statute of limitations that operates as a waiver of sovereign immunity).

The regulations promulgated by the Commissioner further provide that a civil action must be "instituted within 60 days after the Appeals Council's notice of denial. . . or notice of the decision by the Appeals counsel is received . . . except that this time may be extended by the Appeals Council upon a showing of good cause."  20 C.F.R. § 422.210(c).  "[T]he date of receipt of . . . notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."  20 C.F.R. § 422.210(c); *accord* 20 C.F.R. § 404.901 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period).

Here, the district court did not err by granting summary judgment in favor of the Commissioner.  The Appeals Council's notice of decision denying Williams's

request for review was dated September 15, 2014.  Unless there is a reasonable showing to the contrary, Williams is presumed to have received that notice five days later on September 20, 2014.  *See* 20 C.F.R. §§ 404.901, 422.210(c); *see also Hatchell v. Heckler*, 708 F.2d 578, 579 (11th Cir. 1983) (explaining that "[t]he date of receipt is presumed to be five days after mailing unless there is a reasonable showing to the contrary").  Williams therefore had 60 days from September 20, 2014, to file her complaint in federal district court.  Stated another way, she had until November 19, 2014, to file her complaint.  Williams did not file her complaint in the district court until November 21, 2014, however.  As such, her complaint was untimely filed.

Williams contends that in determining whether she timely filed her complaint, we should not look at the date of the Appeals Council's notice of denial.  Instead, she asserts that we should look at the date the envelope was postmarked, September 17, 2014, and presume that she received the Appeals Council's notice five days later on September 22, 2014.  Using September 22 as a starting point, Williams contends that her complaint filed on November 21, 2014, was timely.

We are not persuaded by Williams's argument.  The regulations clearly state that the date of receipt should be presumed to be five days after the date of the actual notice.  *See* 20 C.F.R. §§ 404.210(c), 404.901.  The regulations do not

5

saying anything about interpreting the date of receipt as five days after the postmark date. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436–37 (6th Cir. 2007) (rejecting the claimant's attempt to calculate the five-day period from the postmark date, rather than from the date of the notice of denial). Moreover, the envelope Williams submitted that shows a postmark date of September 17, 2014, is not sufficient to rebut the presumption that she received the Appeals Council's notice of denial by September 20, 2014. And notably, Williams has not argued or produced any evidence showing that she did not receive the Appeals Council's notice by that date.[1] Nor did she request an extension of time from the Appeals Council to initiate a civil action. Accordingly, the district court did not err by dismissing her complaint as untimely.

For the foregoing reasons, the district court's grant of summary judgment in favor of the Commissioner is **AFFIRMED**.[2]

---

[1] We further conclude that Williams's passing reference to the phrase "equal protection" without any elaboration or citation to legal authority was not sufficient to preserve this argument on appeal. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2014) (concluding that a passing reference in an appellate brief is not sufficient to preserve an argument on appeal); *see also* Fed. R. App. P. 28(a)(8)(A) (stating that an Appellant's brief must contain the Appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the [A]ppellant relies").

[2] We recognize that the 60-day statute of limitations period is subject to equitable tolling. *See Jackson*, 506 F.3d at 1353. However, Williams does not argue that she is entitled to equitable tolling of the limitations period.