[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12097

Non-Argument Calendar

_____

ELVIS BERNARD CHAVERS, SR.,

Plaintiff-Appellant,

*versus*

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cv-81234-AMC

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Elvis Chavers, proceeding *pro se*, appeals the district court's dismissal of his complaint, which challenged the Social Security Administration's denial of his application for supplemental security income benefits. He raises two arguments on appeal. First, Chavers argues that his complaint was timely because it renewed his timely filed complaint from a prior proceeding that was dismissed without prejudice. Affording liberal construction to his brief, Chavers contends that the limitations period was subject to equitable tolling because: (1) the SSA deliberately concealed evidence; (2) he relied on mistaken advice from attorneys; and (3) he was otherwise diligent in challenging the agency's decision. Second, he argues that the district court engaged in misconduct amounting to reversible error by recrafting the Commissioner's arguments in the motion to dismiss.

We conclude that Chavers's complaint was untimely, that equitable tolling is unwarranted, and that he abandoned any claim for judicial misconduct by failing to properly present it on appeal. Accordingly, we affirm the district court's dismissal of Chavers's complaint.

**I.**

The SSA denied Elvis Chavers's application for supplemental security income benefits in 2018. In a letter dated June 11,

2019, the SSA Appeals Council denied his request for review and explained that Chavers had 65 days from the date of the letter to initiate a civil action challenging the denial of benefits. Prior to the instant proceedings, Chavers filed a *pro se* complaint on August 9, 2019, seeking judicial review of the agency's decision. This first complaint was dismissed without prejudice on July 29, 2020, and Chavers did not appeal.

In the instant proceedings, Chavers filed a subsequent complaint on August 9, 2022, again seeking judicial review of the denial of benefits. The district court dismissed the complaint with prejudice because it was not filed within 65 days of the June 19, 2019 letter and was therefore untimely. Chavers appealed.

## II.

"We review *de novo* the district court's dismissal of [a] complaint for failure to satisfy the statute of limitations, accepting as true the allegations contained in the complaint." *Jackson v. Astrue*, 506 F.3d 1349, 1352 (11th Cir. 2007). We also review *de novo* whether equitable tolling applies. *Id.* "We are, however, bound by the trial court's findings of fact unless they are clearly erroneous." *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1153 (11th Cir. 2005).

We liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.

### A.

A claimant may seek judicial review of the SSA Commissioner's final decision to deny disability benefits. *See Shows v. Dep't of Health & Hum. Servs.*, 740 F.2d 891, 891 (11th Cir. 1984). To do so, the claimant must file within 65 days of the date on the Appeals Council's letter denying review of the administrative law judge's decision. *Id.* (citing 42 U.S.C. § 405(g), 20 C.F.R. § 422.210).

"As a general rule, the filing of a lawsuit that later is dismissed without prejudice does not automatically toll the statute of limitations." *Wright v. Waste Pro USA, Inc.*, 69 F.4th 1332, 1337 (11th Cir. 2023) (cleaned up). Therefore, "when a timely complaint is dismissed without prejudice, a later action that is filed outside the period of limitations is untimely, as it would be if the previous action had never existed." *Id.*

"[T]he doctrine of equitable tolling is available to a claimant whose § 405(g) challenge in the district court was untimely." *Jackson*, 506 F.3d at 1353. But "traditional equitable tolling principles" apply and "require that the claimant demonstrate *extraordinary circumstances*, such as fraud, misinformation, or deliberate concealment." *Id.* at 1355. Equitable tolling is an extraordinary remedy that we apply only sparingly. *Wright*, 69 F.4th at 1340. A party is generally "bound by the negligence of his counsel" such that equitable tolling is not warranted due to an attorney's mistake. *Clemons v. Comm'r, Ala. Dep't of Corr.*, 967 F.3d 1231, 1242 (11th Cir. 2020).

Similarly, an appellant's "ignorance of the law does not, on its own, satisfy the constricted extraordinary circumstances test." *Jackson*, 506 F.3d at 1356 (quotation marks omitted).

The district court did not err in dismissing the instant complaint as untimely. When Chavers's complaint was dismissed without prejudice in a prior proceeding, the limitations period for Chavers to challenge the agency's decision was not automatically tolled. *See Wright*, 69 F.4th at 1337. In ruling on the Commissioner's motion to dismiss, the district court properly considered the timeliness of the subsequent complaint as "if the previous action had never existed." *Id.*

We also conclude that Chavers's circumstances are not so extraordinary as to warrant equitable tolling. Reliance on mistaken advice from counsel and ignorance of the law do not constitute extraordinary circumstances. *Clemons*, 967 F.3d at 1242; *Jackson*, 506 F.3d at 1356. And the district court did not err in finding that Chavers's allegations of the SSA's deliberate concealment were unsupported. Accordingly, we reject Chavers's timeliness arguments.

*B.*

Issues not properly presented on appeal are deemed forfeited and will not be addressed absent extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860 (11th Cir.), *cert. denied*, 143 S. Ct. 95, 214 L. Ed. 2d 19 (2022); *see also Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (applying the same rule to *pro se* litigants). An appellant "fails to adequately brief a claim when he does not plainly and prominently raise it," or by making

only passing references to it outside of the brief's argument section. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014) (quotation marks omitted).

Chavers abandoned the issue of judicial misconduct because he discusses it only in a perfunctory manner outside of the argument section of his brief, thereby failing to properly raise the issue. Because he has abandoned the issue, we affirm the district court's grant of the Commissioner's motion to dismiss.

**IV.**

**AFFIRMED.**