[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12627

Non-Argument Calendar

_____

DARREN DELEON,

 Plaintiff-Appellant,

*versus*

FUTRAN TECHNOLOGY INC.,
et al,
DOES 1 THRU 5,

 Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:24-cv-00045-TCB

_____

Before NEWSOM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Darren DeLeon, proceeding *pro se*, appeals the district court's orders dismissing his complaint for failure to state a claim and denying his motion for reconsideration. After careful review, we dismiss the appeal in part and affirm in part.

In March 2024, DeLeon, proceeding *pro se*, filed a complaint against Futran Technology Incorporated and "Does 1 thru 5," asserting claims of breach of contract, religious discrimination, specific performance, negligence, fraud by bad faith, breach of trust, intentional infliction of emotional distress, and tortious interference with a contractual relationship. In broad strokes, DeLeon's complaint alleged that Futran offered DeLeon a job but then demanded additional items, including a social security number and an "independent contractor agreement." DeLeon contended that these requirements violated his religious beliefs.

A magistrate judge prepared a report and recommendation ("R&R") that recommended dismissing DeLeon's claims without prejudice. *See* 28 U.S.C. § 1915(e). It concluded that DeLeon's only cognizable federal claim was for religious discrimination under Title VII of the Civil Rights Act of 1964, but that, for several reasons, DeLeon had failed to allege sufficient facts to state such a claim. The magistrate judge informed DeLeon that he had 14 days to file written objections to the R&R and that, if no such objections were filed, any challenge to the factual and legal findings of the R&R

would be waived and subject to, at best, plain error review. *See* 11th Cir. R. 3-1. DeLeon did not file any objections.

On May 9, 2024, the district court issued an order noting that DeLeon had not objected to the R&R. The court also reviewed the R&R and found no clear error in the magistrate judge's recommendation. Accordingly, it adopted the R&R as its order and dismissed DeLeon's complaint.[1] It entered a final judgment on the same day.

On June 12, 2024, DeLeon moved for reconsideration, attaching various documents and contending that his employment discrimination claim should not be dismissed. The district court denied the motion on July 18, 2024, concluding that there was no basis for reconsideration given that DeLeon's Title VII claim failed "because it would be an undue hardship for his employer to accommodate his religious beliefs by violating federal law that requires employers to report employees' social security numbers." DeLeon filed a notice of appeal on August 9, 2024.

As a threshold matter, we must assure ourselves that we have jurisdiction. *Thomas v. Phoebe Putney Health Sys., Inc.*, 972 F.3d 1195, 1200 (11th Cir. 2020). A notice of appeal in a civil case must be filed within 30 days of the order or judgment appealed from, unless there is a federal party. 28 U.S.C. § 2107; Fed. R. App. P. 4(a)(1)(A). A timely filed Rule 59 motion for reconsideration, filed

---

[1] While it is not reiterated in the district court's order, the R&R makes clear that the district court declined to exercise supplemental jurisdiction over the state law claims in DeLeon's complaint.

no later than 28 days after the entry of judgment, tolls the time to file an appeal until the entry of the order disposing of the Rule 59 motion. Fed. R. App. P. 4(a)(4)(A); Fed. R. Civ. P. 59(b), (e); *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 615 F.3d 1352, 1359 n.14 (11th Cir. 2010). An untimely Rule 59 motion does not toll the period to appeal. *See Thione Int'l*, 615 F.3d at 1359 n.14. The timeliness of a non-prisoner filing is based on when a document is received by the court, not the date of mailing. *See Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1472 (11th Cir. 1984) ("[S]imply depositing the notice in the mail is not the same as filing it."); *Hatchell v. Heckler*, 708 F.2d 578, 579 (11th Cir. 1983).

Accordingly, to the extent DeLeon appeals the district court's May 9 order adopting the R&R and dismissing his complaint, we lack jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010). DeLeon did not file a notice of appeal within 30 days of entry of that order and judgment. Fed. R. App. P. 4(a)(1)(A). DeLeon's June 12, 2024, Rule 59 motion was not filed within 28 days of May 9, so it was not timely and did not toll the time for him to appeal. Fed. R. App. P. 4(a)(4)(A); Fed. R. Civ. P. 59(e); *Thione Int'l*, 615 F.3d at 1359 n.15.[2] We therefore dismiss DeLeon's appeal to the extent he challenges the dismissal of his complaint.

---

[2] While DeLeon argues that he filed the Rule 59 motion on May 17, 2024, it was not received by the court until June 12, 2024, and DeLeon was not incarcerated, so it is not deemed filed until June 12. *Haney*, 744 F.2d at 1472; *Hatchell*, 708 F.2d at 579.

We do have jurisdiction to review the district court's denial of DeLeon's motion for reconsideration because his notice of appeal was timely to challenge the district court's July 18 order. A party may, no later than 28 days after entry of a judgment, move a district court to alter or amend that judgment. Fed. R. Civ. P. 59(e). We review the denial of a motion for reconsideration for abuse of discretion. *Guevara v. Lafise Corp.*, 127 F.4th 824, 829 (11th Cir. 2025). The abuse of discretion standard of review is deferential, and "there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call." *Rasbury v. IRS (In re Rasbury)*, 24 F.3d 159, 168 (11th Cir. 1994). In other words, "the abuse of discretion standard allows 'a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.'" *Id.* (quoting *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989)). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir. 1999)); *see also PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) (same). A party cannot "use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

The district court did not abuse its discretion here. The magistrate judge provided a thorough explanation for why

DeLeon's religious discrimination claim failed as a matter of law.[3] It then provided him an opportunity to object to those conclusions and DeLeon did not do so.  DeLeon's motion for reconsideration, did not show that the district court committed a "manifest error[] of law or fact" in accepting the unobjected-to R&R.  *Arthur*, 500 F.3d at 1343; *Kellogg*, 197 F.3d at 1119; *PBT Real Est.*, 988 F.3d at 1287.  Nor did his motion present new evidence that showed he was entitled to relief.  *Arthur*, 500 F.3d at 1343.  DeLeon makes many arguments in his brief on appeal, but none convince us that the district court acted outside its "range of choice."  *In re Rasbury*, 24 F.3d at 168 (quoting *Kelly*, 888 F.2d at 745).  Accordingly, the district court did not abuse its discretion in denying the motion for reconsideration and we affirm as to that issue.

**DISMISSED IN PART, AFFIRMED IN PART.**

---

[3] In addition, the magistrate judge explained that, to the extent that DeLeon presents state law claims, they should be dismissed for lack of supplemental jurisdiction.  Accordingly, if DeLeon believes that Futran breached a contract with him, the R&R does not prevent him from litigating that state law issue in state court.  *See, e.g.*, *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (explaining that dismissals without prejudice are rarely abuses of discretion because parties can re-file their complaints).